204 So.2d 550 (1967)
John LOMELO, Jr., et al., Petitioners,
v.
William T. MAYO et al., As Members of the Public Service Commission, Respondents.
No. J-259.
District Court of Appeal of Florida. First District.
November 30, 1967.
*551 John W. Achor, Chipley, for petitioners.
Lewis W. Petteway and Prentice P. Pruitt, Tallahassee, for respondents.
WIGGINTON, Chief Judge.
This is a case of original jurisdiction in which petitioners seek a writ of prohibition against respondents. The purpose of the writ is to prohibit respondents from holding a hearing or proceeding to further consider a notice filed with it by Public Utilities Corporation in which the latter seeks a general increase in the schedule of rates and charges for water and sewer service furnished by it to the inhabitants of City of Sunrise Golf Village in Broward County.
Public Utilities Corporation is a private corporation holding a certificate of public convenience and necessity issued to it under the water and sewer system regulatory law of this state.[1] Under its certificate the corporation is authorized to furnish water and sewer service to the inhabitants of City of Sunrise Golf Village in Broward County, and to charge for its services the rates approved by respondents.
On August 12, 1966, Public Utilities Corporation filed with respondents a notice of proposed changes in rates and charges for the water and sewer services furnished by it, but a hearing on such notice was not held by respondents until March 14, 1967, some 214 days subsequent to the date on which the notice was filed. It is the position of petitioners that by the terms of the water and sewer system regulatory law respondents were required to hold a hearing and enter their order on the notice of proposed change in rates filed by Public Utilities Corporation within 180 days after the filing of the notice with it, and having failed to act within the time limited by the statute, it is now without jurisdiction to further consider the notice or to take any affirmative action thereon.
The Legislature of Florida, in 1959, enacted the water and sewer system regulatory law for the purpose of vesting in the Florida Public Service Commission jurisdiction to regulate the operation of public utility corporations furnishing water and *552 sewer services to the citizens of this state, including the right to regulate the rates charged by such corporations for the services furnished. The law provides that when any general increase in a schedule of rates and charges for water and sewer services is proposed, such increases shall not become effective until after a public hearing by the Public Service Commission, which hearing shall be held only after due notice to the executive officer of every county and municipality affected, which notice shall be published once a week for two consecutive weeks in a newspaper of general circulation in the territory affected. The statute further provides as follows:
"Time for hearing and entry of order.  Whenever there is filed with the commission by any public utility holding a certificate under the provisions of this law any notice of general increases in a schedule of rates and charges, the commission may either upon complaint or of its own initiative, and after such public notice, enter upon a hearing to determine whether the proposed rates are just, reasonable, sufficient and compensatory, and said hearing shall be held and the order entered thereon within one hundred eighty days from the date the public utility filed with the commission its written notice showing the change or changes proposed."[2]
The primary question on which our decision must turn involves a construction of the above-quoted section of the statute and a determination as to whether the requirement that the hearing "shall" be held and the order entered thereon within 180 days from the date the public utility filed with the Commission its written notice is directory or mandatory.
It has been held that although the word "shall" normally has a mandatory connotation, it may, in proper cases, be construed as permissive only.[3]
In construing a provision of the statute limiting the time when tax assessment procedures were to be performed by the county tax assessor, the Supreme Court of Florida in Stieff v. Hartwell[4] said:
"* * * As a general rule, a provision in a statute, naming the time when an act is to be done in the assessment and collection of the taxes, is a direction, and not a limitation. There must be something in the statute indicating that the time named was intended as a limitation, before the courts will construe it as such. * * *"
It is noted that in the statute involved in the case sub judice there is nothing to indicate that the requirement for the public hearing and entry of the order of the Public Service Commission within 180 days from the filing of the notice of rate changes is intended as a limitation on the Commission's power to act.
In Reid v. Southern Development Co.[5] the Supreme Court construed the language of the statute which provided that the tax assessor "shall" make one visit to each precinct in the county after giving ten days notice of such visit. In that case the court said:
"* * * The question arises, therefore, whether this provision of the statute is mandatory, and a failure of the assessor to comply therewith will so vitiate the assessment as to render nugatory all subsequent proceedings and annul all sales for taxes made under it, or whether it is merely directory or advisory, and not *553 essential to the validity of the proceedings.
"In Hurford v. City of Omaha, 4 Neb. 336, the court said: `When a particular provision of a statute relates to some immaterial matter, where compliance is a matter of convenience rather than substance, or where the directions of a statute are given with a view to the proper, orderly, and prompt conduct of business merely, the provision may generally be regarded as directory.' * * *"
The last cited decision stands for the proposition that unless the body of the statute indicates a contrary legislative intent, mandatory words specifying the time within which duties of public officers are to be performed may be construed as directory only.[6]
An examination of the statute under consideration persuades us to the view that the 180-day time limitation for holding a hearing and entering its order by the Public Service Commission is designed to further the orderly conduct of the Commission's business and to fix what the legislature considered to be a reasonable time within which to act, being accountable in mandamus for any substantial delay beyond the 180-day period. The provision is obviously intended to protect the interest of the utility applying for a rate increase and to insure that its request will be acted upon within a reasonable time after application therefor is made. The public utility company affected by the action of the Public Service Commission in the case sub judice has not complained that the hearing was not held within the time specified by the statute, and we have difficulty in discerning how the water and sewer customers of that company have been adversely affected by a delay in considering the request for rate increases.
Petitioners have invited our attention to the decision rendered by the Supreme Court in Neal v. Bryant[7] and by this court in its recent decision rendered in Gilliam v. Saunders.[8]
In the Neal case the statute under consideration specified that certain procedures "shall" be followed in connection with the preliminary investigation of a public school teacher charged with misconduct before probable cause for the teacher's removal could be found to exist. The court construed the word "shall" to be mandatory and noncompliance with the procedural requirements rendered the investigation void. In the Gilliam case this court construed the statute relating to the issuance of tax deeds which provided that proof of publication of the notice required by the statute "shall" be filed by the clerk of the circuit court before the day fixed for making the sale. We construed the word "shall" to be mandatory, the noncompliance with which voided the sale of the owner's land for taxes, as well as the tax deed issued pursuant thereto. Both the Neal and Gilliam cases construed provisions of statutes which specified procedures which were required to be followed before the persons directly affected by their operation could be deprived of their property or right to employment. When the word "shall" is used in statutes of this type, it has been construed in the manner stated by this court in the Gilliam case, to wit:
"It has been generally held by the courts of this and other states that the statutes must be strictly construed, and we concur in that holding and further hold that the matters pertaining to the notice that had for its purpose the taking away of one's property rights is jurisdictional both as to giving thereof and the proper filing as required by statute."
*554 It is noted that the statute in the case sub judice does not have the effect of depriving any person of his property or property rights, but deals exclusively with the regulation of reasonable rates for furnishing utility services to customers in the area served.
For the foregoing reasons we conclude that the position taken by petitioners herein cannot be sustained, so the writ of prohibition is denied and the petition dismissed.
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] F.S. Chapter 367, F.S.A.
[2] F.S. § 367.14(4), F.S.A.
[3] 30 Fla.Jur. 99, Statutes, § 8.
[4] Stieff v. Hartwell, 35 Fla. 605, 17 So. 899, 900, 901.
[5] Reid v. Southern Development Co., 52 Fla. 595, 42 So. 206.
[6] 30 Fla.Jur. 98, Statutes, § 7.
[7] Neal v. Bryant, (Fla. 1963) 149 So.2d 529, 97 A.L.R.2d 819.
[8] Gilliam v. Saunders, (Fla.App. 1967) 200 So.2d 588, 591.