QUESTIONS: 1. Does the vice chairman of the Board of Examiners of Nursing Home Administrators automatically assume the chairmanship upon the resignation or removal of the chairman of the board? 2. Can the board elect an interim acting chairman to serve out the chairman's unexpired term when the chairman resigns or is removed?
SUMMARY: The provisions of s. 468.166(10), F.S., that the Board of Examiners of Nursing Home Administrators shall elect annually from its membership a chairman, vice chairman, secretary, and treasurer, are directory in nature and do not prevent the board from adopting reasonable rules providing for the selection of a chairman or other officer of the board to succeed the presiding officer or other officers of the board upon the death, disability, resignation, or removal from office of any of the board's officers. Inasmuch as the two questions are interrelated, they will be answered together. Section 468.166(10), F.S., which establishes the membership of the Board of Examiners of Nursing Home Administrators, provides: "The board shall elect annually from its membership a Chairman, Vice-chairman, Secretary and Treasurer." I find no provision in s. 468.166, id., or in any other section of Part VI, Ch. 468, F.S., which establishes a procedure for filling the position of chairman in the event the member elected to that position should cease to be a member of the board by reason of his death, disability, resignation, or removal. Although s. 468.166(10), F.S., states that the board "shall elect annually," it may be helpful in answering this question to determine whether this language mandatorily requires one election of officers per annum or whether it is directory or advisory only and merely authorizes the board to organize itself (elect its officers) for conduct of its affairs on an annual basis. The word "shall" in a statute has, according to its normal usage, a mandatory connotation. Neal v. Bryant, 149 So.2d 529 (Fla. 1962). However, the general rule is that where mandatory words or provisions are used in statutes defining the duties of administrative officers, such words or provisions may be construed as directory only, unless the body of the act is indicative of the contrary intent. Apgar v. Wilkinson, 116 So. 78 (Fla. 1928). When a particular provision of a statute relates to some immaterial matter, compliance with which is a matter of convenience, rather than substance, or where the directions of a statute are merely given with a view to the proper, orderly, and prompt conduct of business, the provision may generally be regarded as directory. Reid v. Southern Development Co., 42 So. 206 (Fla. 1906). Unless the body of a statute indicates contrary legislative intent, mandatory words specifying the time within which duties of public officers are to be performed may be construed as directory only. Lomelo v. Mayo, 204 So.2d 550 (1 D.C.A. Fla., 1967). After carefully reviewing Ch. 468 (Part VI), F.S., I find no substantive provision thereof or express legislative intent therein requiring the language of the statute to be mandatorily construed. Rather, it appears such language is directory or advisory in nature, allowing the board to properly, orderly, and promptly conduct its business. Subsection (6) of s. 468.166, F.S., provides that upon the expiration of the terms of initial board members under the act, subsequent appointments to the board would be for staggered terms of office expiring at different times. It has been held where the terms of members of a governmental body are staggered and expire at different times, such body is a continuing body. See Daly v. Stonkell, 63 So.2d 644
(Fla. 1953). Under general rules of parliamentary law, when part of a deliberative body remains and is to be completed by reception of new members, it remains as an organized nucleus and in its organized form receives new members and then proceeds to the election of new officers of the body, if any are then to be elected. [See] 67 C.J.S. Parliamentary Law s. 2. Hence, because appointments will be made to the board annually, it is imperative that a reorganization of the board occur annually as indicated in s. 468.166(10), F.S., and Rule 21Z-2.03, F.A.C. This annual reorganization would allow participation by new board members in the selection of board officers. Regulations and rules of procedure, when not otherwise prescribed by statute, may be adopted by a public, corporate, politic, or other deliberative body and in the absence of such procedures, general rules of parliamentary law prevail. [See] 62 C.J.S. Municipal Corporations s. 400; 67 C.J.S. Parliamentary Law s. 3. Accord: Witherspoon v. State, 103 So. 134 (Miss. 1925); Crawford v. Gilchrist, 59 So. 963
(Fla. 1912). Where lawful authority exists, an administrative agency may adopt its own mode or form of organization. [See] 73 C.J.S. Public Administrative Bodies and Procedure s. 19; State v. State Board of Administration, 25 So.2d 880 (Fla. 1946). Also see 62 C.J.S. Municipal Corporations s. 389. The Board of Examiners of Nursing Home Administrators has been given the authority to "make rules and regulations not inconsistent with law as may be necessary for the proper performance of its duties. . . ." Section 468.167(5), F.S. As mentioned earlier, it has also been granted authorization to elect annually its officers. Section 468.166(10), F.S. Thus, it appears that the board may adopt reasonable rules regarding the time and method of selecting its officers in the absence of a specific statutory enactment to the contrary. These rules may provide for the vice-chairman to "automatically" (by force of the rule, until changed by a subsequent board) succeed to the chairmanship upon the death, disability to act, resignation, or removal of the chairman; provide for the board to elect a chairman to succeed a presiding officer upon his death, disability, resignation, or removal at the next special or regular meeting of the board following such vacancy in the presiding officer's position; or provide for the election by the remaining board members of an acting or interim chairman to serve for such period of time as the board determines and directs or until the next annual reorganization of the board. Attorney General Opinion 074-6; cf. AGO 074-102. The chairman of the board acts merely as the board's presiding officer and as its agent for the performance of certain duties incidental to and devolving upon the office. This authority to act is in accordance with the duly adopted bylaws or rules of the board in the absence of any statutory prescription by the Legislature.
Consequently, this office is a means by which the board exercises its functions and powers in an orderly and convenient way. Rule 21Z-2.01, F.A.C., authorizes the chairman to call special meetings as often as required based upon his judgment, circumstances, and the proper functioning of the board. The chairman also presides at all meetings of the board and signs all official documents. Rule 21Z-2.03, F.A.C. This authority given to the chairman indicates a need for rules regarding the succession of chairmen in the conduct of the board's business. These rules would be in the nature of bylaws for the convenient and orderly conduct of its own proceedings and would assist the board in its mode or manner of carrying out its statutorily assigned duties and functions; also, it would facilitate the expeditious performance of such duties. It therefore appears to be in the best interest of the Board of Examiners of Nursing Home Administrators to adopt a rule providing that, upon a vacancy in the office of the presiding officer or any of the other officers of the board, the board at the next regular meeting, or at a special meeting called by the chairman or any one of the surviving officers of the board, as the case may be, select a chairman to serve as presiding officer until the next annual reorganization meeting of the board.