QUESTIONS:
1. Is it mandatory that the medical examiner or associate medical examiner provide the cornea of a decedent to an eye bank upon request, when all of the conditions in Ch. 77-172, Laws of Florida, are met?
2. Does Ch. 77-172 apply only to medical examiners and associate medical examiners?
SUMMARY:
Under Ch. 77-172, Laws of Florida, the medical examiner or associate medical examiner may, within his discretion, provide a cornea upon request of an authorized eye bank whenever the decedent from whom a suitable cornea may be transplanted is under the jurisdiction of the medical examiner, there is no objection by the next of kin known by the medical examiner, and the removal of the cornea will not interfere with the subsequent course of an investigation or autopsy. The new act does not, however, extend authority or immunity to any persons other than the district or associate medical examiner to authorize the removal of decedent's cornea.
Chapter 77-172, Laws of Florida, is entitled:
 An Act relating to corneal transplant; creating s. 732.9185, Florida Statutes, permitting medical examiners to remove the cornea of a decedent for purposes of corneal transplant under certain conditions; relieving medical examiners and eye banks of liability for failure to obtain consent of next of kin; providing effective date. (Emphasis supplied.)
The new act creates s. 732.9185 providing:
 (1) Upon the request of any eye bank authorized under s. 732.918, in any case in which a patient is in need of corneal tissue for a transplant, a district medical examiner or associate medical examiner may provide a cornea whenever all of the following conditions are met:
 (a) A decedent who may provide a suitable cornea for the transplant is under jurisdiction of a medical examiner and an autopsy is required in accordance with s. 406.11.
 (b) No objection by the next of kin of the decedent is known by the medical examiner.
 (c) The removal of the cornea will not interfere with the subsequent course of an investigation or autopsy. (Emphasis supplied.)
In subsection (2) the act immunizes the district or associate medical examiner or any authorized eye bank from civil or criminal liability on account of any failure to obtain consent of the next of kin.
The foremost principle in construing statutes is to ascertain the legislative intent as determined primarily from the language of the statutes. VanPelt v. Hilliard, 78 So. 693 (Fla. 1918); Vocelle v. Knight Brothers Paper Co., 118 So.2d 664 (1 D.C.A. Fla., 1960). Legislative intent as deducible from the language employed in the statutes is the law. State v. Knight, 124 So. 461 (Fla. 1929). Statutes are to be given their plain and obvious meaning. A.R. Douglas, Inc. v. McRainey, 137 So. 157 (Fla. 1931).
With respect to your first question, the determination of whether a statute is mandatory or prohibitory as opposed to discretionary, permissive, or directory hinges primarily on the language used. As a general principle, statutory provisions defining the duties of public officials are construed as directory only, unless a contrary legislative intent is manifest. Lomelo v. Mayo,204 So.2d 550 (1 D.C.A. Fla., 1967). The word `may' commonly has a permissive rather than mandatory connotation. Fixel v. Clevenger,285 So.2d 687 (3 D.C.A. Fla., 1973). Given the professional discretion which the statute vests in the medical examiner to determine if the conditions precedent to authorizing a transplant are present, I conclude the word `may' is used in its permissive sense. Accordingly, your first question is answered in the negative.
Florida follows the rule of statutory construction that the express mention of one thing is an exclusion of another not mentioned. See Bergh v. Stephens, 175 So.2d 787 (1 D.C.A. Fla., 1965). Where the Elgislature makes an express designation or condition in the statute, it is presumed the Legislature thoroughly considered and purposely omitted other designations and conditions. See Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1953). Because Ch. 77-172, supra, expressly mentions only district or associate medical examiners, I conclude no authority or immunity is extended other persons to permit the removal of decedent's cornea. Accordingly, your second question is answered affirmatively.
Prepared by: Thomas M. Beason Assistant Attorney General