**HANCOCK COUNTY RURAL ELEC-TRIC MEMBERSHIP CORPORATION, Respondent-Appellant,**

v.

**CITY OF GREENFIELD, Indiana, Petitioner-Appellee.**

**No. 2–1085A314.**

Court of Appeals of Indiana, First District.

July 8, 1986.

Rehearing Denied Aug. 19, 1986.

William H. Wolf, Wolf, Robak & Murphy, Greenfield, for respondent-appellant.

Michael B. Cracraft, Vicki L. Anderson, Smith, Morgan & Ryan, Indianapolis, C. Thomas Billings, Williams Cone & Billings, Greenfield, for appellee, City of Greenfield, Ind.

Ronald L. Dyer, Indianapolis, for appellee, Office of Utility Consumer Counselor.

Linley E. Pearson, Atty. Gen. of Ind., Robert K. Johnson, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee, Public Service Com'n of Ind.

RATLIFF, Judge.

STATEMENT OF THE CASE

Hancock County Rural Electric Membership Corporation (REMC) appeals from the Public Service Commission's (Commission) orders which granted the City of Greenfield, Indiana (City) the right to provide electrical service to two areas annexed by City. We affirm.

## FACTS

City annexed two areas of land. Prior to annexation, REMC provided electrical service to the areas. Pursuant to Indiana Code section 8–1–2.3–6, City petitioned the Commission, requesting approval of a change in its assigned service area to include the two annexed areas. Ind.Code § 8–1–2.3–6(a) provides,

"A municipally-owned electric utility shall exercise its right to petition the commission to change its assigned service area within sixty [60] days after annexation becomes final or lose its right under this subsection. The commission shall rule on the petition of the municipally-owned electric utility within ninety [90] days after its filing."

City filed its petitions within the sixty (60) day period, but Commission failed to rule on them within ninety (90) days after submission. REMC filed motions to dismiss, claiming that Commission lost subject matter jurisdiction after the ninety (90) days expired. Commission denied the motions and ruled that, in the interests of public convenience and necessity, the service areas previously assigned to REMC be changed so that City's municipally-owned electric utility would service those areas.

## ISSUE

The sole issue presented for review is whether the word "shall" is mandatory or directory.

## DISCUSSION AND DECISION

■ In Indiana, the lack of subject matter jurisdiction may be raised at any time, including on appeal. *Lindower v. City of South Bend* (1985), Ind.App., 474 N.E.2d 123, 125. Therefore, REMC could raise the issue of subject matter jurisdiction at any time.

A statute containing the term "shall" generally connotes a mandatory as opposed to a directory import. *State ex rel. City of Indianapolis v. Brennan* (1952), 231 Ind. 492, 498, 109 N.E.2d 409, 411; *State ex rel. De Armond v. Superior Court of Madison County* (1940), 216 Ind. 641, 643, 25 N.E.2d

642, 642; *Johnson v. Johnson* (1984), Ind. App., 460 N.E.2d 978, 979–80. However, "shall" may be construed as directory instead of mandatory "to prevent the defeat of the legislative intent." *Wysong v. Automobile Underwriters* (1933), 204 Ind. 493, 504, 184 N.E. 783, 787. *See also Sharton v. Slack* (1982), Ind.App., 433 N.E.2d 856, 859, *trans. denied,* (presumption of "shall" as mandatory is rebutted if "it appears from the context or the manifest purpose of the act that the legislature intended a different construction").

The state supreme court upheld the construction of "shall" in a directory sense in a case very similar to the one at bar. In *Allen County Department of Public Welfare v. Ball Memorial Hospital Association* (1969), 253 Ind. 179, 252 N.E.2d 424, the court interpreted a statute stating that a hospital "shall within seventy-two hours" report the admission of an indigent to the county welfare department. The court clarified the importance of interpreting "shall" as either mandatory or directory. "The distinction between directory and mandatory provisions in a statute is that violation of the former is not usually fatal to the procedure, while a departure from the latter is fatal to any proceeding to obtain the benefit of the statute." *Id.* at 185, 252 N.E.2d at 427. The court recognized that its role in interpreting a statute was to ascertain legislative intent. To do this, the court examined not only the statute's phraseology but also the statute's design and nature, and the consequences flowing from different interpretations. *Id.* at 184, 252 N.E.2d at 427.

The court in *Ball Memorial* held that time provisions in a statute were not to be regarded "as of the essence, but [were] regarded as directory merely." *Id.* at 185, 252 N.E.2d at 427, *quoting* 50 Am.Jur. *Statutes* § 23 (1944). After analyzing the absurd consequences of a mandatory interpretation and recognizing "the harshness and mischief caused by strict adherence to a [mandatory] rule," the court held that the statute was directory, not mandatory. *Ball Memorial,* 253 Ind. at 186, 252 N.E.2d

at 428. "We hold that inasmuch as the statute contains no negative or prohibitive words nor provides for penalties on the consequences of notice given beyond the seventy-two hour period, it is directory with respect to the time limitation." *Id.* at 187, 252 N.E.2d at 428.

Our supreme court reiterated *Ball Memorial* nine years later. In *Hawley v. South Bend Department of Redevelopment* (1978), 270 Ind. 109, 383 N.E.2d 333, a redevelopment commission obtained only one independent appraisal of property to be acquired although the statute required two appraisals. The court, quoting extensively from *Ball Memorial,* concluded that the requirement of two appraisals was directory, not mandatory. *Id.* at 116–17, 383 N.E.2d at 338–39. The court said that if it were to rule otherwise, the statutory purpose would have been frustrated. Even though *Hawley* did not concern statutory time limits, it is indicative of our supreme court's continued utilization of the *Ball Memorial* analysis in determining whether a statute is mandatory or merely directory.

Other jurisdictions propound a directory approach to statutory time limits if to do otherwise would contradict legislative purpose. *Usery v. Whitin Machine Works, Inc.* (1st Cir.1977), 554 F.2d 498, 501 ("courts have uniformly held that the time requirements in statutes ... are not jurisdictional"); *Lomelo v. Mayo* (1967), Fla. Dist.Ct.App., 204 So.2d 550, 553 ("mandatory words specifying time within which duties ... are to be performed may be construed as directory only"); *Hartman v. Glenwood Telephone Membership Corp.* (1977), 197 Neb. 359, 371–72, 249 N.W.2d 468, 475 ("shall" was in directory sense in a statutory time limit); *Omaha Public Power Dist. v. Nebraska Public Power Project* (1976), 196 Neb. 477, 479, 243 N.W.2d 770, 772 (ninety day provision was "given with a view merely to the proper, orderly and prompt conduct" and thus was directory, not mandatory); *Commonwealth v. General Foods Corp.* (1968), 429 Pa. 266, 271, 239 A.2d 359, 362 (sixty day limit for a decision was directory); *Chisholm v. Bewley Mills* (1956), 155 Tex. 400, 403, 287 S.W.2d 943,

945 ("If the statute directs ... an act to be done within a certain time, the absence of words restraining the doing thereof afterwords or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction.") *Cf. Taylor v. Dept. of Transportation* (1977), Iowa, 260 N.W.2d 521, 523 ("If the duty is not essential to accomplishing the principal purpose of the statute but is designed to assure order and promptness in the proceeding, the statute ordinarily is directory...."); 1 Am.Jur.2d *Administrative Law* § 46 (1960).

■ The Indiana statute which states that the Commission "shall rule on the petition ... within ninety [90] days" is merely directory. First, the statute neither purports to restrain the Commission from acting on the petition after ninety days nor specifies that adverse or invalidating consequences follow. In contrast, the sentence which precedes that in question specifies that if a utility fails to file a petition within sixty days of annexation, the utility will "lose its right under this subsection." The legislature clearly delineated the consequences for a utility's failure to timely file a petition. The next sentence, which deals with the time the Commission has to act, contains no such language. Second, the provision does not go to the essence of the statutory purpose. The purpose and intent of the language is that the matter should be acted upon promptly and expeditiously. However, should the Commission fail to rule within the ninety days, that failure is not jurisdictional. Third, a mandatory construction would frustrate the legislature's purpose. If the Commission failed to rule on a petition within the ninety day period and thereby lost jurisdiction, then the Commission would be unable to determine which utility could better serve the interests of the consumers in the annexed area. Thus, the phrase concerning the ninety day period in Ind.Code § 8–1–2.3–6(a) is a directory, not mandatory, provision.

If the Commission delays ruling, an aggrieved party is not without a remedy. He may obtain a writ of mandamus to force the Commission to exercise its jurisdiction under Indiana Code section 34–1–58–2. Of course, a writ of mandamus is available only when the Commission is under a clear legal duty to perform certain acts. *State ex rel. Indiana Beverage Commission v. Lake Superior Court Room Four Sitting at Gary* (1972), 259 Ind. 123, 284 N.E.2d 746. Although REMC is correct in its assertion that the commission was not required to change the boundaries of assigned areas so that the City's utility would service the annexed areas, the Commission was under a duty to rule on the petition promptly. The provision is mandatory in this sense although the ninety day limit is directory. Thus, Hancock could have obtained a writ of mandamus to force the Commission to promptly rule on City's petition.

Affirmed.

ROBERTSON, P.J., and NEAL, J., concur.