**REAL ESTATE APPRAISER LICENSE AND CERTIFICATION BOARD,**
Appellant–Respondent,

v.

**Thomas J. STEWART,** Appellee–
Petitioner.

No. 49A02–9710–CV–692.

Court of Appeals of Indiana.

April 30, 1998.

Rehearing Denied June 8, 1998.

Jeffrey A. Modisett, Attorney General, Rosemary L. Borek, Deputy Attorney General, Indianapolis, for Appellant–Respondent.

Peter C. Americanos, Indianapolis, for Appellee–Petitioner.

## OPINION

KIRSCH, Judge.

Thomas J. Stewart petitioned for judicial review of the Real Estate Appraiser License and Certification Board's Final Order denying him admission to the certified general appraiser examination. The trial court granted his petition and ordered the Real Estate Appraiser License and Certification Board (Board) to allow Stewart to sit for the examination. The Board raises the following issues for our review, which we restate and consolidate as:

I. Whether the Board properly applied the Uniform Standards of Professional Appraiser Practice (USPAP) to Stewart without promulgating such standards to apply to all applicants for the general appraiser examination.

II. Whether the trial court exceeded the scope of its authority by ordering the Board to allow Stewart to sit for the licensing examination, instead of remanding the matter to the Board.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Stewart, a licensed certified residential appraiser in Indiana, filed an application with the Board to sit for the Indiana certified general appraiser examination. The Board notified Stewart that his application would be tabled pending his submission of documentation supporting his appraisal experience. Applicants for the general appraiser license must first obtain 2,000 hours of appraisal experience, 1,000 of which must be general appraisal experience. Stewart submitted the requested reports. The Board denied Stewart's application due to inadequate experience pursuant to 876 IAC 3–3–9 and 3–6–2. Stewart requested an administrative hearing to review the denial of his application. At the hearing, Stewart submitted additional documentation supporting his general appraisal experience. The Board decided to hold a second hearing to address its concerns regarding the sufficiency of Stewart's appraisal experience. At this second hearing, the administrative law judge (ALJ) noted several USPAP guideline deficiencies in the general appraisal reports submitted with Stewart's application. Based upon the deficiencies in Stewart's reports, the ALJ denied Stewart's application, stating:

> "[Stewart] does not have adequate experience because certain appraisals submitted for review did not comply with the ... USPAP. In particular, [Stewart] did not comply with the following provisions of USPAP: 1–1(b)(c), 1–2(a), 1–3(a)(b), 1–4(a)(b)(c)(g), 2–1(a)(b), 2–2(a)(v)(viii)(ix)(x), 2–2(b)(v)(viii)(ix)(x)(xi) and 2–2(c)(v)."

*Record* at 71. Over one year after Stewart submitted his application, the Board issued its Final Order denying him the opportunity to sit for the examination. The Board found in its Final Order:

> "1. Indiana Code Section 25–34.1–3–8 provides for the establishment of particular requirements a person must meet to obtain appraiser licensure or certification. This includes requirements for experience.
>
> 2. Sections 9 through 13 of 876 IAC 3–3 establish the experience requirements. 876 IAC 3–3–9(b) requires two years (or 2000 hours) of appraisal experience during the preceding five years prior to filing the application.
>
> 3. An applicant for examination must also provide documentation in support of education, experience, and other relevant data pursuant to 876 IAC 3–3–15. In addition, according to the record keeping section of the Ethics Provisions of USPAP, an ap-

praiser must retain written records of appraisals for five years after preparation.

4. USPAP has been adopted by the Board as the standard of practice for all licensed appraisers in the State of Indiana. 876 IAC 3–6–1.

5. Petitioner, as a licensed certified residential appraisal (sic) in the State of Indiana, is required to prepare appraisals that are in compliance with USPAP standards.

6. Since the Petitioner submitted appraisals in support of his application which did not comply with the USPAP standards, the Petitioner failed to demonstrate adequate experience.

7. Because the Petitioner does not meet the applicable requirements, he does not qualify for admission to the examination."

*Record* at 34–35.

Stewart petitioned the trial court to review the Board's Final Order. Subsequently, the trial court set aside the Board's Final Order, stating:

"1. The [B]oard has failed to promulgate 'USPAP' as part of its licensure requirements and, therefore, cannot apply them. If the [B]oard wishes to apply 'USPAP' to applicants, the [B]oard must first promulgate them by following the procedure established by the legislature under IC 4–22–2–1 through IC 4–22–2–36.

2. Application of 'USPAP' has the force and effect of law. Unless duly promulgated they are void and unenforceable, and they 'cannot provide a legal basis for a trial court's judgment.' *Mugg v. Stanton,* 454 N.E.2d 867, 870 (Ind.Ct.App.1983). *Accord, Indiana State Personnel Board v. Jackson,* 244 Ind. 321, 192 N.E.2d 740 (1963), 1979 O.A.G. No 1.

3. The [B]oard did not apply 'USPAP' to Stewart's first application in 1994 and there is no legal justification for applying them now. 'Administrative boards, agencies and officers have no common law or inherent powers, but only such authority as is conferred upon them by statutory enactment.' *Evansville State Hospital v. Perry,* 549 N.E.2d 44 (Ind.Ct.App. 19[89] ).

4. Neither the [B]oard's enabling statute nor the [B]oard's rules, nor the application form 'prescribed by the [B]oard' require applicants to comply with 'USPAP.'

    . . . .

6. The [B]oard's Final Order is arbitrary and capricious. Stewart is entitled to sit for the examination."

*Record* at 637–38. The trial court denied the Board's Motion for a Stay Pending Appeal. The Board appeals.

## DISCUSSION AND DECISION

■ Judicial review of an administrative decision is limited to whether the agency possessed jurisdiction over the subject matter, whether the decision was made pursuant to the proper procedures, whether the decision was arbitrary and capricious, whether the decision was in violation of any constitutional, statutory, or legal principles, and whether the decision was supported by substantial evidence. *Union Tank Car v. Commissioner of Labor,* 671 N.E.2d 885, 889–90 (Ind.Ct.App.1996). Generally we give deference to an administrative agency's findings and conclusions because of the agency's expertise in the subject matter. *Ripley County Bd. of Zoning Appeals v. Rumpke of Indiana, Inc.,* 663 N.E.2d 198, 203 (Ind.Ct. App.1996), *trans. denied; Indiana Dep't of Pub. Welfare v. Crescent Manor, Inc.,* 416 N.E.2d 470, 475 (Ind.Ct.App.1981). However, when we review a determination by the trial court that the agency failed to follow the correct procedures in reaching its decision, such deference is inappropriate. *Rumpke,* 663 N.E.2d at 203. Instead, deference is given to the trial court, and we will set aside the trial court's findings only if they are clearly erroneous. *Vanderburgh County Bd. of Comm'rs v. Rittenhouse,* 575 N.E.2d 663, 665–66 (Ind.Ct.App.1991), *trans. denied.* We will not reweigh the evidence or judge the credibility of witnesses. *Id.*

### I. Promulgation of the Rule

■ The "Standards of Practice for Appraisers" incorporates most of the USPAP provisions by reference, 876 IAC 3–6–2, and for the purposes of applying the provisions, defines appraiser as an Indiana licensed

trainee appraiser, Indiana licensed residential appraiser, Indiana certified residential appraiser, or an Indiana certified general appraiser. Stewart was an applicant seeking admission to the certified general appraiser examination.

The Board's experience requirements for applicants are set out in 876 IAC 3–3–9 through 3–3–13 which states in relevant part:

"(a) This section and sections 10 through 13 of this rule establish the experience requirements for the licenses issued by the board.

(b) Applicants shall submit, on a form prescribed by the board, two thousand (2,000) hours of appraisal experience that the applicant has performed. The board may request documentation in the form of reports or file memoranda in support of the claim for experience."

Nowhere in these sections are the USPAP provisions referenced or applied to applicants for the general appraisal examination. The trial court concluded that "[t]he [B]oard has failed to promulgate [1] 'USPAP' as part of its licensure requirements and, therefore, cannot apply them." *Record* at 637.[2] We agree.

## II. Scope of Authority

■ The trial court did not exceed its authority in ordering the Board to allow Stewart to sit for the examination. IC 4–21.5–5–15 provides: "If the court finds that a person has been prejudiced under section 14 of this chapter, the court may set aside an agency action and: (1) remand the case to the agency for further proceedings; or (2) compel agency action that has been unreasonably delayed or unlawfully withheld." The Board's decision to deny Stewart's admission to the general certified appraisers examination, more than one year after his application, was both unreasonably delayed and unlawfully withheld. The trial court did

1. Promulgation requirements are set out in IC 4–22–2 et seq.

2. This opinion is not to be construed to mean that the Board could not impose USPAP guidelines on general appraiser applicants. This is

not exceed its authority in allowing Stewart to the examination.

Affirmed.

SULLIVAN and FRIEDLANDER, JJ., concur.

not the question presented and we do not decide it. The Board cannot, however, impose such requirements on this individual without properly promulgating such rules.