**STATE of Indiana, Appellant–Defendant,**

**v.**

**James W. LANGEN, Appellee–Plaintiff.**

No. 45A04–9806–CV–281.

Court of Appeals of Indiana.

April 5, 1999.

Jeffrey A. Modisett, Attorney General, Jon Laramore, Deputy Attorney General, Indianapolis, for appellant.

Kathryn D. Schmidt, Burke Costanza & Cuppy LLP, Merrillville, for appellee.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

The State of Indiana (the "State") appeals the trial court's entry of summary judgment

in favor of James W. Langen ("Langen"). The trial court entered summary judgment concluding that the Indiana Real Estate Commission (the "Commission") violated applicable procedural law when it vacated an order issued by a panel of three administrative law judges and entered its own order. Accordingly, the trial court vacated the Commission's final order as null and void. We reverse and reinstate the Commission's final order.

## ISSUES

The State presents two issues for our review which we restate as:

1. Whether the Commission violated applicable procedural law when it entered its final order on December 19, 1995, and even assuming it did, whether the trial court erred when it vacated the Commission's final order.

2. Whether Langen has waived judicial review of the timeliness of the Commission's final order.

## FACTS AND PROCEDURAL HISTORY

Langen, a licensed real estate broker, violated the rules governing the administration of escrow accounts. A panel of three administrative law judges (the "Panel") heard evidence and, on July 21, 1995, entered an order sanctioning Langen by placing his real estate license on indefinite probation. Thereafter, on August 28, 1995, the Commission issued its notice of intent to review the Panel's decision. The Commission provided that if the parties wished to file briefs, the parties were required to do so by September 21, 1995. No briefs were filed by the parties. Thereafter, on November 8, 1995, the Commission extended the time period for issuing a final decision to December 22, 1995. The Commission issued a final order on December 19, 1995, sanctioning Langen by suspending Langen's license indefinitely, with the right to petition for reinstatement after six months.

Langen filed his petition for judicial review in the trial court. After considering evidence submitted by the parties, the trial court entered summary judgment in favor of Langen. Specifically, the trial court concluded, as a matter of law, that the Commission violated applicable procedural law when it failed to issue its final order within sixty days of the date the Panel's order was issued. Accordingly, the trial court vacated the Commission's final order as null and void. On behalf of the Commission, the State appeals the trial court's judgment.

## DISCUSSION AND DECISION

### Standard of Review

Our review of an administrative decision is limited to whether the agency possessed jurisdiction over the subject matter, whether the decision was made pursuant to the proper procedures, whether the decision was arbitrary and capricious, whether the decision was in violation of any constitutional, statutory, or legal principles, and whether the decision was supported by substantial evidence. *Real Estate Appraiser License and Certification Bd. v. Stewart*, 695 N.E.2d 962, 964 (Ind.Ct.App.1998). As a general rule, we give deference to an administrative agency's findings and conclusions because of the agency's expertise in the subject matter. *Id.* However, upon review of a determination by the trial court that the agency failed to follow the proper procedures in reaching its decision, such deference is inappropriate. *Id.* The court on appeal will give deference to the trial court because the trial court heard evidence and testimony regarding the agency procedures. *Ripley County Bd. of Zoning Appeals v. Rumpke of Indiana, Inc.*, 663 N.E.2d 198, 203 (Ind.Ct.App.1996), *trans. denied*. We neither reweigh the evidence nor reassess witness credibility and will set aside the trial court's findings only if they are clearly erroneous. *Stewart*, 695 N.E.2d at 964.

### Issue One: Procedure followed by the Commission

On appeal, the State contends that the trial court erroneously vacated the Commission's final order based upon its conclusion, as a matter of law, that the Commission violated applicable procedural law. We agree with the State.

The relevant procedural law of the Indiana Administrative Orders and Procedures Act ("AOPA") is set out in Indiana Code Section 4–21.5–3–29. Subsection (b) of that statute provides that after an administrative law judge issues an order, the ultimate authority for the agency shall issue a final order affirming, modifying, or dissolving the administrative law judge's order.[1] The ultimate authority, in this case the Commission, may serve written notice of its intent to review any issue related to the administrative law judge's order, which notice must identify the issues it intends to review. IND.CODE § 4–21.5–3–29(e). Subsection (f) goes on to specifically state:

A final order disposing of a proceeding or an order remanding an order to an administrative law judge for further proceedings shall be issued within sixty (60) days after the latter of:

(1) the date that the order was issued under section 27 of this chapter;

(2) the receipt of briefs; or

(3) the close of oral argument;

unless the period is waived or extended with the written consent of all parties or for good cause shown.

IND.CODE § 4–21.5–3–29(f). It is this subsection which is the center of the dispute in the instant case.

Here, the Panel issued its decision on July 21, 1995. The Commission issued its notice of intent to review the Panel's decision on August 28, 1995. At that time, the Commission set a briefing schedule requiring that, if the parties chose to file briefs, the briefs would be due by September 21, 1995. The parties, however, did not file briefs. Within sixty days of the date briefs were due, on November 8, 1995, the Commission extended its deadline to rule to December 22, 1995. The cause for extension noted by the Commission was that "[t]here were several members of the Commission absent and a new member had not had an opportunity to review the transcript and therefore did not participate." Record at 331. Consequently, "[t]he remaining members were not able to make a decision." Record at 331. The Commission entered its final order on December 19, 1995.

In vacating the Commission's final order, the trial court concluded that the Commission violated applicable procedural law because the order was untimely issued. Langen argues, and the trial court agreed, that because no briefs were filed by the parties and because no oral argument was held, the Commission was required to issue a final order by September 19, 1995, sixty days after the Panel issued its decision. Langen maintains that because the Commission failed to rule by September 19, 1995, and did not extend its time for ruling within that initial sixty day period, the Panel's decision became the final decision on his case. The State responds that the Commission did not violate applicable procedural law and, even assuming the Commission's order was untimely, the trial court erred when it vacated the order on that basis. We address the arguments in turn.

■ First, as we noted earlier, subsection (f) provides that the sixty day time period runs from the date of the latter of three occurrences: (1) the ALJ's order, (2) the receipt of briefs, or (3) the close of oral arguments. IND.CODE § 4–21.5–3–29(f). In the instant case, we are not concerned with oral arguments as none were scheduled or heard. The relevant question is whether and how the briefing schedule set by the Commission affected the sixty day time period.

We are troubled by both Langen's and the trial court's reliance on the parties' failure to file briefs as an indication that the sixty day time period began to run from the earliest possible date, the date of the Panel's order. Although we acknowledge that the statutory language indeed provides that the sixty days may run from the "receipt of briefs," that language must be read to mean the date upon which briefs are received by the ultimate authority or the date upon which those briefs are due, whichever comes first. To read the language otherwise would lead to the absurd result of allowing parties to manipulate the time period merely by deciding

---

1. The ultimate authority may also remand the matter, with or without instructions, to an administrative law judge for further proceedings. IND.CODE § 4–21.5–3–29(b).

not to file briefs. For example, in the instant case, the Commission set a briefing schedule for the parties providing that briefs, if parties wished to file them, would be due by September 21, 1995. Langen essentially argues that if either he or the State would have chosen to file briefs, the sixty day time period would not have begun to run until those briefs were received by the Commission. Because the parties decided not to file briefs, Langen contends that the sixty day time period actually expired before the briefs were even due.[2] Such an illogical result could not have been intended by the legislature.

In construing statutory language, we must presume that the legislature did not intend an unreasonable and absurd result. *Chesnut v. Roof,* 665 N.E.2d 7, 10 (Ind.Ct. App.1996). We hold that the phrase "receipt of briefs," as it pertains to the triggering of the sixty day time period within which the ultimate authority shall enter its final order, means either the receipt of briefs or the close of the briefing schedule, whichever comes first. Because no briefs were filed by the due date in the present case, the sixty day time period began to run on September 21, 1995.

Next, we look to the Commission's extension of time. On November 8, 1995, within sixty days of the close of the briefing schedule, the Commission extended its time to rule until December 22, 1995 for good cause shown. *See* IND.CODE § 4–21.5–3–29(f) (the sixty day time period may be extended with the written consent of all parties or for good cause shown). Langen argues that the Commission's extension of time was arbitrary and capricious and, thus, must be reversed. We disagree.

As we have noted, our review of an administrative agency decision is narrow and, we will reverse the agency's action only

where it is purely arbitrary, or an error of law has been made. *Indiana Civil Rights Comm'n v. Delaware County Circuit Court,* 668 N.E.2d 1219, 1221 (Ind.1996). An action of an administrative agency is arbitrary and capricious only where there is no reasonable basis for the action. *Id.*

In its notice of extension of time to rule, the Commission stated that several members were absent from the meeting and that a new member had not had an opportunity to review the transcript and therefore did not participate. Under those circumstances, the remaining members were unable to reach a decision. Therefore, the review of Langen's case was placed on the agenda for the next meeting. In light of the Commission's explanation of good cause, and our limited standard of review in administrative cases, we cannot say that there was no reasonable basis for the Commission's decision to extend its time to rule. Langen has failed to meet his burden of showing that the Commission's extension of time was arbitrary and capricious.[3] Therefore, we conclude that the Commission's extension of time to rule until December 22, 1995, was valid and, consequently, that the Commission's final order of December 19, 1995 was timely issued.

Even if we were to conclude that the Commission's final order was issued outside of the statutorily prescribed time period, Langen would not be entitled to summary judgment. We must agree with the State that the phraseology of subsection (f) stating that a final order "shall" be issued within sixty days of the three listed alternative events is directory rather than mandatory. Although use of the term "shall" generally connotes a mandatory as opposed to a directory import, "shall" may be construed as directory in order to preserve legislative intent. *Hancock County Rural Elec. v. City of*

2. There is nothing in the record to indicate that the parties informed the Commission that they did not intend to file briefs in this matter.

3. Langen misstates the record and argues that the trial court determined that the Commission failed to establish good cause for its extension of time and that this court should defer to that determination. To the contrary, in its summary judgment order, the trial court found simply that the Commission's attempt to extend its time to rule came well after the sixty day period ran. Record at 1–2. However, the trial court based its conclusion on its erroneous assumption that the sixty day time period began to run from the date of the Panel's order. We have already determined that issue.

*Greenfield,* 494 N.E.2d 1294, 1295 (Ind.Ct. App.1986), *trans. denied.* As our supreme court has explained:

> The meaning and intention of the legislature are to be ascertained not only from the phraseology of the statute but also by considering its design, its nature and the consequences that flow from the various interpretations.

\* \* \* \* \*

All laws are mandatory in the sense that a duty of obedience is imposed, but it does not follow that every slight departure is fatal where the act is merely procedural and does not go to the merits. The basic test, we believe, to determine whether the requirement is essential or not, is to consider the consequences of the failure to follow the statute and, in this regard, other possible interpretations.

*Allen County Dept. of Pub. Welfare v. Ball Memorial Hosp. Ass'n,* 253 Ind. 179, 184, 252 N.E.2d 424, 427–428 (1969); *see also United Rural Elec. Membership Corp. v. Indiana & Michigan Elec. Co.,* 549 N.E.2d 1019, 1022 (Ind.1990). Thus, when a statute contains no negative or prohibitive words and does not provide for penalties on the consequences for the failure to follow prescribed time limits, those limits may be merely directory. *See Ball Memorial Hosp. Ass'n,* 253 Ind. at 187, 252 N.E.2d at 428.

Our review of subsection (f) leads us to believe that the legislature did not intend the prescribed time period to be essential to the validity of the Commission's final order. As is evident from the statute, no consequences attach in the event of an untimely order and under no circumstances has the legislature deprived the Commission of its ultimate authority to issue its final order. The statute neither purports to restrain the Commission from issuing a final order outside of the prescribed time period nor specifies that "adverse or invalidating consequences follow." *See Hancock County Rural Elec.,* 494 N.E.2d at 1296. Moreover, the purpose and intent of the sixty day time period is to promote the prompt and expeditious resolution of the administrative matters by the ultimate authority. The time period is not intended as a jurisdictional prerequisite to a valid final order. Accordingly, a mandatory construction of subsection (f) would thwart the intention of the legislature. Although we understand Langen's frustration with the system and the length of time he has awaited a final determination of his penalty,[4] the trial court granted him an inappropriate remedy. We conclude that the sixty day time period is directory rather than mandatory, and the trial court erred when it vacated the Commission's final order as null and void.

### Issue Two: Waiver

Having necessarily set out the relevant statutory language and addressed the construction of that language, we now turn to the limitations the legislature has placed on the issues which may be raised on judicial review. AOPA provides that a person may obtain judicial review only of an issue that was raised before the administrative agency, with two exceptions: (1) where the issue concerns notice of the proceedings, and (2) where the interests of justice would be served by judicial resolution of an issue arising from a change in the controlling law occurring after the agency action was taken. IND.CODE § 4–21.5–5–10; *Indiana Educ. Employment Relations Bd. v. Tucker,* 676 N.E.2d 773, 776 (Ind.Ct.App.1997).

Langen's contention that the Commission violated applicable procedural law when it failed to rule within sixty days of the Panel's decision should have been raised to the Commission and preserved for review. Indeed, Langen had several opportunities to file an objection to the Commission's failure to rule. Langen was first put on notice that the Commission was not going to rule within sixty days of the Panel's decision when the Commission set a briefing schedule outside of the sixty day period providing that the parties could file briefs if they wished by September 21, 1995. Again without objection from Langen, on November 8, 1995, the Commission extended its time to issue its final decision until December 22, 1995. Despite ample opportunity, Langen failed to object to the timeliness of the Commission's order until he

---

**4.** The record indicates that the initial complaint against Langen was filed on May 8, 1992.

filed his petition for judicial review. Because the timeliness issue does not fit within the scope of either statutory exception provided by Indiana Code Section 4–21.5–5–10 [5], Langen has waived judicial review of the issue.

In sum, Langen has waived judicial review of the timeliness of the Commission's order and, thus, the trial court erred when it vacated the Commission's order. Notwithstanding waiver, we conclude that the Commission ruled within the directory time period prescribed by statute. The trial court's entry of summary judgment is reversed and the Commission's final order is reinstated.

Reversed.

BAKER, J., concurs.

ROBB, J., concurs in result and files separate opinion.

Judge ROBB, concurring in result with opinion.

I concur in result. I agree that the Commission's order was timely and that the sixty-day period provided in Ind.Code § 4–21.5–3–29 began to run on the date the parties' briefs were due, because none were filed. However, the discussion and conclusion that the sixty-day period, and the word "shall," is directory rather than mandatory is unnecessary to reach this decision. In addition, since we have chosen to address the case on the merits, I do not join in the majority opinion on the waiver issue.

---

**5.** *See also* IND.CODE §§ 4–21.5–5–11 and 12(a) (confining judicial review of disputed issues to the agency's record and permitting court on judicial review to receive additional evidence only if specific conditions are met).