## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 10 2018, 5:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Brian A. Karle
Jason Ramsland
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Indiana Behavioral Health and Human Services Licensing Board,

*Appellant-Respondent,*

v.

Jenna Thomas,

*Appellee-Petitioner*

August 10, 2018

Court of Appeals Case No.
79A02-1712-PL-2904

Appeal from the Tippecanoe Circuit Court

The Honorable Sean M. Persin, Judge

The Honorable Thomas H. Busch, Senior Judge

Trial Court Cause No.
79C01-1704-PL-42

**Altice, Judge.**

## Case Summary

Following an administrative hearing, the Indiana Behavioral Health and Human Services Licensing Board (the Board) issued an order imposing disciplinary sanctions on Jenna Thomas. Thomas sought judicial review. The trial court found in Thomas's favor and concluded that the Board's order was void because the Board failed to issue it within ninety days of the administrative hearing, pursuant to Ind. Code § 4-21.5-3-27(g). On appeal, the Board argues that it did not lose jurisdiction to issue an order after the statutory ninety-day timeframe passed.

We reverse.

## Facts & Procedural History

Thomas is a licensed clinical social worker in Indiana. On June 9, 2016, the State filed an administrative complaint against her for professional misconduct. The Board, acting as both the ultimate authority and an administrative law judge (ALJ) for the agency, conducted an administrative hearing on October 24, 2016. Thomas filed a motion to dismiss on February 24, 2017, arguing that "the Board ha[d] failed to comply with the requirements of AOPA in issuing an order within ninety (90) days following the hearing". *Appellee's Appendix Vol. 2* at 3. On March 30, 2017, the Board issued its disciplinary order against Thomas, along with findings of fact. The Board placed Thomas's license on indefinite probation and imposed several terms and conditions. The Board also issued an order denying the motion to dismiss.

[4] On April 4, 2017, Thomas filed a petition for judicial review in which she did not challenge the facts underlying the disciplinary order or the sanctions imposed. Rather, Thomas argued that the order was untimely and therefore invalid. The trial court heard oral argument on October 31, 2017, and then issued an order granting the petition for judicial review on November 16, 2017. Ultimately, the court determined that when the Board failed to issue its order within ninety days, the Board lost jurisdiction of the case and its untimely subsequent order was void. The Board now appeals.

### Discussion & Decision

[5] I.C. § 4-21.5-3-27(g) provides:

> An order under this section shall be issued in writing within ninety (90) days after conclusion of the hearing or after submission of proposed findings in accordance with subsection (f), unless this period is waived or extended with the written consent of all parties or for good cause shown.

The Board concedes that it failed to issue the order within ninety days of the hearing but argues that this failure did not affect its jurisdiction or act to invalidate the subsequent order. Thomas, on the other hand, argues that the order is void because it was issued outside of ninety days.

[6] Our court has addressed this issue before with respect to a related AOPA statute. In *Roman Marblene Co. v. Baker*, 88 N.E.3d 1090, 1098 (Ind. Ct. App. 2017), *trans. denied*, we dealt with I.C. § 4-21.5-3-29(f),[1] which provides:

> A final order disposing of a proceeding or an order remanding an order to an administrative law judge for further proceedings shall be issued within sixty (60) days after the latter of:
>
> > (1) the date that the order was issued under section 27 of this chapter;
> >
> > (2) the receipt of briefs; or
> >
> > (3) the close of oral argument;
>
> unless the period is waived or extended with the written consent of all parties or for good cause shown.

Relying on *State v. Langen*, 708 N.E.2d 617 (Ind. Ct. App. 1999), we held that despite the use of the word "shall" in the statute, the sixty-day time period was directory rather than mandatory. *Roman Marblene*, 88 N.E.3d at 1098. We observed that "the legislature did not intend the prescribed time period to be essential to the validity of the ultimate authority's final order." *Id*. We quoted the following language from *Langen* with approval:

> Our review of subsection (f) leads us to believe that the legislature did not intend the prescribed time period to be essential to the validity of the Commission's final order. As is evident from the

---

[1] I.C. § 4-21.5-3-29 applies in situations where the ALJ and the ultimate authority are not one in the same. In that instance, the ultimate authority reviews the order that was issued by the ALJ under section 27 and then issues a final order. When the ALJ is the ultimate authority, as in the case at hand, the final order is issued by the ALJ pursuant to section 27. Both sections provide time periods in which the orders "shall" be issued.

statute, no consequences attach in the event of an untimely order and under no circumstances has the legislature deprived the Commission of its ultimate authority to issue its final order. The statute neither purports to restrain the Commission from issuing a final order outside of the prescribed time period nor specifies that "adverse or invalidating consequences follow." Moreover, the purpose and intent of the sixty day time period is to promote the prompt and expeditious resolution of the administrative matters by the ultimate authority. The time period is not intended as a jurisdictional prerequisite to a valid final order. Accordingly, a mandatory construction of subsection (f) would thwart the intention of the legislature.

*Roman Marblene*, 88 N.E.3d at 1098 (quoting *Langen*, 708 N.E.2d at 622 (citations omitted)). We then held, "although we understand Roman Marblene's frustration with the length of time it took for the ICRC to issue its final order, the order issued is not void." *Id.*

[7] In light of *Roman Marblene* and *Langen*, we conclude that the statutory period set forth in I.C. § 4-21.5-3-27(g) is directory rather than mandatory and, therefore, the Board's belated order is not void. *See Roman Marblene*, 88 N.E.3d at 1098; *Langen*, 708 N.E.2d at 621-22. Accordingly, the trial court erred when it vacated the Board's final order.

[8] Judgment reversed.

Najam, J. and Robb, J., concur.