INLAND EMPIRE PUBLIC LANDS COUNCIL, et al., Plaintiffs,

v.

Edward L. SCHULTZ, et al., Defendants,

Northwest Forestry Association, Merritt Brothers Lumber Company, Public Land Users Coalition, Defendants–Intervenors.

### No. CS–91–00061–RJM.

United States District Court, E.D. Washington.

Oct. 23, 1992.

Charles Matthew Andersen, Tom P. May, May & Hayden, Mark E. Wilson, University Legal Assistance, Spokane, WA, for Inland Empire Public Lands Council.

Tom P. May, May & Hayden, Mark E. Wilson, University Legal Assistance, Spokane, WA, for Kettle Range Conservation Group, Spokane Audubon Soc., Inland NW Wildlife Council, Washington Wilderness Coalition, Sierra Club and Wilderness Soc.

Carroll Gray, Asst. U.S. Atty., U.S. Atty.'s Office, Spokane, WA, Wells D. Burgess, Scott M. Farley, U.S. Dept. of Justice, Environment & Natural Resources Div., General Litigation Section, Washington, DC, for Edward L. Schultz, John F. Butruille, F. Dale Robertson and U.S. Forest Service.

H.E. Stiles, II, Lukins & Annis, Spokane, Wash., Guy G. Hurlbutt, Boise Cascade Corp., Boise, ID, Steven P. Quarles, Crowell & Moring, Washington, DC, for Northwest Forestry Ass'n.

Michael J. Casey, Reed & Giesa, Spokane, WA, Michael E. Haglund, Haglund & Kirtley, Portland, OR, for Merritt Bros. Lumber Co.

Laurel H. Siddoway, Paul J. Allison, Randall and Danskin PS, Spokane, WA, for Public Land Users Coalition.

## ORDER

WM. FREMMING NIELSEN, District Judge.

Before the court is the federal defendants' Motion for Protective Order. (CR 69). A hearing was held on this matter with oral argument on October 19, 1992 at 2:00 p.m. and all parties were represented by counsel. The plaintiffs are challenging the Colville National Forest Plan formulated by the federal defendants and currently are seeking to conduct discovery, including taking the depositions of several Forest Service officials, with the objective of a trial de novo. The federal defendants' motion for a protective order seeks to establish that in examining the merits of the Plan and plaintiffs' challenges, the court should look only to the administrative record which documents the creation of the Plan and the subsequent unsuccessful administrative appeal.

## DISCUSSION

The question presented by defendants' motion centers on the appropriate scope of review. 5 U.S.C. § 706 provides that when asked to review agency action, courts shall determine whether the action was arbitrary or capricious, and if so, the court shall hold the action unlawful.[1] In making the factual inquiry concerning whether an agency decision was arbitrary or capricious, the reviewing court must consider whether the challenged agency decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. *Marsh v. Oregon Natural Resources Council,* 490 U.S. 360, 378, 109 S.Ct. 1851, 1861, 104 L.Ed.2d 377 (1989). The ultimate standard of review is narrow, but the inquiry must be searching and careful. *Id.*

The court is not empowered to substitute its judgment for that of the agency. *Bowman Transportation, Inc. v. Ark.–Best Freight System,* 419 U.S. 281, 285, 95 S.Ct. 438, 441, 42 L.Ed.2d 447 (1974). While courts may not supply a reasoned basis for the agency's action that the agency itself has not given, courts may uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned. *Bowman Transportation,* 419 U.S. at 285–86, 95 S.Ct. at 441–42.

Courts are inclined to limit judicial review to the agency record. As stated by the Supreme Court, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court. *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 743, 105 S.Ct. 1598, 1606, 84 L.Ed.2d 643 (1985). The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court, and if the agency record does not support the agency

action, or the reviewing court cannot evaluate the challenged action on the basis of the record, the usual proper course is to remand to the agency for additional investigation or explanation. *Id.* The reviewing court is generally not empowered to conduct a de novo inquiry into the matter being reviewed. *Id.*

Confining the district courts to the administrative record rests on practical considerations as administrative agencies deal with technical questions and it is imprudent for generalist judges to consider testimonial and documentary evidence bearing on those questions unless the evidence has first been presented to and considered by the agency. *Cronin v. U.S. Dept. of Agriculture,* 919 F.2d 439, 444 (7th Cir.1990). Only in an emergency should a reviewing court, whether a district court or any other federal court, conduct its own evidentiary hearing. *Id.*

The weight of authority indicates de novo trials are very much discouraged, as is the discovery and presentation of evidence not reviewed at the agency level. *Lorion* contemplates the possibility that an agency's action may need further explanation. However, if such explanation is necessary, the preferred course is to remand to the agency. Looking beyond the record, while possible, is rarely done because the exception is so broad as to endanger the rule. *See Public Power Council v. Johnson,* 674 F.2d 791, 793–94 (9th Cir.1982). Plaintiffs have failed to present adequate grounds for finding that the record supporting the Plan is inadequate or incomplete. Discovery to supplement the record on this basis is therefore inappropriate.

Restricted discovery beyond the record is occasionally allowed in certain circumstances. The district court may inquire outside the administrative record when it appears the agency has relied on

---

1. Plaintiffs present an argument that the Plan does not constitute an agency action but is instead a hybrid decision which frees this court from the standard imposed by § 706. *See* Plaintiffs' Brief 8–10. It is difficult to credit the argument that a completed forest plan with a voluminous record and a rejected appeal is not

agency action governed by § 706. Further, this district has recently applied the § 706 standard in a challenge to a Forest Service Plan. *See Northwest Motorcycle Association v. United States Department of Agriculture,* CS–91–403–JLQ. (Memorandum Opinion granting summary judgment entered August 7, 1992; CR 61).

documents or materials not included in the record, or if supplementation of the record is necessary to explain technical terms or complex subject matter involved in the agency action. *Animal Defense Council v. Hodel,* 840 F.2d 1432, 1436 (9th Cir.1988).

When technical matters are involved and specialists express conflicting views, an agency must have discretion to rely on the reasonable opinions of its own qualified experts even if, as an original matter, a court might find contrary views more persuasive. *Marsh,* 490 U.S. at 378, 109 S.Ct. at 1861. Forest management is fairly viewed as the sort of technical field where courts should defer to the findings of specialized administrative agencies. *Cronin,* 919 F.2d at 444.

Plaintiffs present a list of topics they argue merit discovery outside the administrative record both because they are so technical and because the record on these topics is incomplete. These areas include water quality, the selection of the optimum timber harvest methods, the viability of other harvest methods, the selection of wildlife indicator species, and silviculture and other considerations of forest management.

Plaintiffs also suggest discovery is required to examine the documents attached to an affidavit by defendant Schultz which was submitted with the federal defendants' initial motion to dismiss. It should be noted that this motion and Mr. Schultz's affidavit have been withdrawn rendering the question of discovery into these materials moot.

Concerning plaintiffs' assertions that the record is incomplete, the federal defendants have produced an affidavit from Jan Lerum, the individual responsible for the Plan's planning record, a voluminous collection of documents currently on file and available for public review. The affidavit states Lerum was charged on July 30 with overseeing inspection of the planning record by the parties and that as of October 9 none of the parties have inspected it. Accordingly, plaintiffs' claims that the record is incomplete fail as they have not examined the entire administrative record to determine if it is in fact incomplete. Discovery beyond the record on this basis is therefore unwarranted.

Regarding plaintiffs' arguments that various scientific and technical areas require explanation, *Cronin* notes that forest science is an area where deference to an agency's expertise is encouraged. The court must assume the Forest Service fully understands the technical aspects of forest management and deserves the benefit of the doubt on their decisions that required consideration of these issues. Accordingly, discovery on this basis will not be allowed as clear reasons for doubting the Forest Service's scientific ability have not been articulated.

■ In extreme cases, courts may require administrative officials who participated in the decision to give testimony explaining their action, though such inquiry is usually and properly avoided. *Citizens To Preserve Overton Park v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971). Where there are administrative findings that were made at the same time as the decision, there must be a strong showing of bad faith or improper behavior before such inquiry may be made. *Id.*

In outlining their arguments in their brief, plaintiffs assert bad faith existed. However, plaintiffs' brief fails to follow through on this theory and does not indicate what should be viewed as possible evidence of Forest Service bad faith. Without the strong showing of bad faith required by *Volpe,* plaintiffs' argument on this basis fails.

### CONCLUSION

The proper role of the court in this case is to act as a court of appeals in reviewing the challenged Colville National Forest Plan in accordance with § 706. Allowing discovery, even the limited discovery suggested by the plaintiffs here, would change this matter from a record review to an improper trial de novo. In light of the clear Ninth Circuit and Supreme Court precedent and considering plaintiffs' failure to establish any one of the four exceptions

allowing discovery beyond the record, the federal defendants' motion for protective order will be granted and review limited to the administrative record.

As an additional matter, the court notes that in conjunction with their opposition to defendants' motion, plaintiffs have attempted to raise an alternate challenge to the Plan, specifically that the Plan as implemented is in violation of the various statutes under which this action was brought. There is no indication that plaintiffs have asserted this challenge on the administrative level. Until plaintiffs have exhausted their administrative remedies on this theory it is premature for the court to address the issue.

IT IS SO ORDERED.