MEDICAL LICENSING BOARD
OF INDIANA, Appellant–
Respondent,

v.

Deborah PROVISOR, M.D.,
Appellee–Petitioner.

No. 49A02–9408–CV–501.

Court of Appeals of Indiana.

July 26, 1995.

Rehearing Denied Sept. 26, 1995.

Pamela Carter, Atty. Gen., Matthew R. Gutwein, Connie J. Dinn, Rebecca S. Bowman, Deputy Attys. Gen., Indianapolis, for appellant.

Richard Kammen, Susan W. Brooks, James T. Flanigan, McClure, McClure & Kammen, Indianapolis, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Respondent–Appellant the Medical Licensing Board of Indiana (Board) brings this interlocutory appeal challenging the partial grant of Dr. Deborah Provisor's (Provisor) discovery requests in a judicial review of the Board's decision.

We affirm.

### ISSUE

The following issue is certified for interlocutory appeal: Whether discovery is permissible in a proceeding for judicial review of an administrative agency's final order.

### FACTS AND PROCEDURAL HISTORY

Provisor is a physician specializing in pediatric oncology and hematology. In September, 1993, Provisor was convicted of child molest, a class D felony, and received a suspended sentence of three years.

Following her conviction, the State of Indiana filed an administrative complaint with the Medical Licensing Board, seeking to revoke Provisor's license to practice medicine.[1] A four-day Board hearing was held following which the Board deliberated in open session, as statutorily mandated. After much comment and debate, the Board voted three to two to suspend Provisor's license for six years, with two years of the suspension stayed. The Board's order became effective March 7, 1994.

Provisor did not petition the Board for rehearing, but instead directly petitioned the trial court for judicial review under the Indiana Administrative Orders and Procedures Act (AOPA). IND.CODE 4–21.5–5–1 *et seq.* Contemporaneous with her petition for judicial review, Provisor filed a petition to stay the Board's order of suspension. Following a hearing in March of 1994, the trial court granted a temporary stay of the Board's order whereby Provisor would be permitted to practice medicine on a limited basis and under supervision.

This appeal concerns Provisor's efforts to obtain discovery in the proceeding for judicial review. Provisor served upon the Board requests for production of documents and the Board objected to the requests in April and May of 1994, respectively. Provisor then filed a motion to compel production over the Board's objections. In the interim, Provisor served three interrogatories upon the Board and a request for admissions as to the three issues. She then filed a second motion to compel discovery regarding her request for production.

Following a hearing on Provisor's motion to compel the production of documents, the trial court granted the motion in part. On

---

1. Specifically, the State alleged in its complaint that Provisor's conviction of a crime had a direct bearing on her ability to continue to practice medicine competently in violation of IND.CODE 25–1–9–4(a)(2) (1993).

June 7, 1994, the court granted Provisor's motion to compel in part. Shortly thereafter, Provisor filed and served a notice of depositions seeking to depose five Board members who rendered the agency decision.

Subsequently, the Board filed a motion to reconsider the order granting in part Provisor's motion to compel production of documents, a motion to quash the notice of depositions and a motion for a protective order relieving the Board from the depositions and the obligation to respond to interrogatories and requests for admissions. The court granted the Board's motion to quash the notices of depositions on June 28, 1994. On the following day, the trial court denied the Board's motion to reconsider; granted the Board's motion for a protective order as to the depositions of the Board members but denied it as to the interrogatories and requests for admissions. Following this ruling, the Board sought interlocutory appeal. We heard oral argument on June 1, 1995.

### STANDARD OF REVIEW

■ An aggrieved party at an administrative hearing may seek judicial review; however, the scope of judicial review is limited. The trial court proceeding is not intended to be a trial *de novo*, but rather the court simply analyzes the record as a whole to determine whether the administrative findings are supported by substantial evidence. *Indiana Dept. of Natural Resources v. United Refuse Co., Inc.* (1993), Ind., 615 N.E.2d 100, 103; I.C. 4–21.5–5–11 (1988)[2]. Thus, the trial court acts as an appellate court when it reviews an administrative order. *Id.*

■ Furthermore, a party seeking judicial review of an administrative order must first exhaust all administrative remedies. I.C. 4–21.5–5–4 (1988). With two exceptions, judicial review is limited to the issues raised before the agency. I.C. 4–21.5–5–10 (1988). Because the trial court is not permitted to try the case *de novo* or substitute its judgment for that of the agency, judicial review of disputed issues of fact must be confined to

the agency record. I.C. 4–21.5–5–11. Under limited circumstances, the trial court may accept new evidence. *See* I.C. 4–21.5–5–12 (1988).

■ Upon judicial review of an agency order, the court is limited, by statute, to determining whether the agency action is:

(1) Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) Contrary to constitutional right, power, privilege, or immunity;

(3) In excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence.

*Natural Resources Comm'n v. AMAX Coal Co.* (1994), Ind., 638 N.E.2d 418, 423, *reh'g denied;* I.C. 4–21.5–5–14(d) (1988).

### DISCUSSION

The Board contends that Provisor's discovery requests should not be permitted in an action for judicial review for two reasons. First, the Board argues that Provisor's requests are untimely and should have been raised during the administrative proceeding. Second, the Board argues that any attempt at probing into the mental deliberations of the individual Board members is inappropriate, especially when the formal deliberations are already a matter of record.

Whether a court on judicial review of an agency decision may permit discovery of new evidence is not addressed in the AOPA. As discussed above, generally the trial court's review is confined to the agency record, except in narrow circumstances. I.C. 4–21.5–5–12 provides that the trial court may receive additional evidence

... only if it relates to the validity of the agency action at the time it was taken and is needed to decide disputed issues regarding one (1) or both of the following:

---

**2.** I.C. 4–21.5–5–11 provides that "[j]udicial review of disputed issues of fact must be confined to the agency record for the agency action supplemented by additional evidence taken under

section 12 of this chapter. The court may not try the cause de novo or substitute its judgment for that of the agency."

(1) Improper constitution as a decision-making body or grounds for disqualification of those taking the agency action.
(2) Unlawfulness of procedure or of decision-making process.

I.C. 4–21.5–5–12(a). These exceptions are further limited because they apply only if "the additional evidence could not, by due diligence, have been discovered and raised in the administrative proceeding." I.C. 4–21.5–5–12(a).

The Board further contends that I.C. 4–21.5–3–22 (1988) permits discovery during the administrative proceeding, and had the legislature intended to permit additional discovery during judicial review, it would have done so. Thus, the legislature's silence on the issue is indicative of its intent to exclude discovery on judicial review of administrative decisions.

The second component of the Board's argument concerns the relevancy of the material Provisor seeks to discover. The common thread throughout Provisor's discovery requests is that they are all directed at probing the mental deliberations of the members of the Board regarding their decision to suspend Provisor's license. The Board consistently objected to these requests, ultimately arguing that the discovery sought was outside the scope of proper judicial review.

We note that during the course of proceedings before the Board, Provisor never sought to discover or introduce into evidence documentation or testimony regarding the

Board's prior rulings in similar cases. Nor did she argue that the sanction imposed in her case was inconsistent with previous sanctions, or that the State's request for revocation or the Board's order was motivated by gender discrimination. Nor did Provisor seek a rehearing from the Board as permitted by I.C. 4–21.5–3–31(c) (1988). Instead, she directly sought judicial review.

In her petition for judicial review, Provisor alleged *inter alia* that the Board's order was not supported by substantial evidence, was arbitrary and capricious and not in accordance with the law and that the Board used arbitrary and capricious standards in reaching its decision. Specifically, Provisor argued that I.C. 25–1–9–13 (1988)[3] requires the Board to seek consistency in its application of sanctions. This statutory provision further requires the Board to explain significant departures from prior decisions involving similar conduct. Thus, Provisor contends that the sanction the Board imposed upon her represents a significant departure from prior adjudications. She further contends that the Board was influenced by improper motives such as gender discrimination and punishment.

The trial court ruled in Provisor's favor on several discovery requests. First, the trial court compelled the Board to respond to four out of the 13 requests for production of documents.[4] Second, the trial court denied the Board's motion for a protective order as to Provisor's interrogatories[5] and request for admissions[6].

---

**3.** I.C. 25–1–9 *et seq.* is the statutory body governing health professions standards of practice and licensure.

**4.** The trial court compelled the Board to produce the following documents:

10. All written correspondence to, from, or between any Medical Licensing Board member regarding [Provisor]'s case.
11. All documents [the Board] intends to use, rely on, or introduce into evidence in any proceeding in this case.
12. All documents in [the Board]'s possession which tend to prove or disprove any allegation presented in [Provisor]'s (sic) Petition (sic) for Judicial Review.
13. All documents reflecting any correspondence or conversations [the Board] has had with any person regarding the events of this case.

(R. 95).

**5.** Provisor submitted the following interrogatories to the Board:

1. What records does the Medical Licensing Board consult in its effort to achieve consistency in the application of sanctions?
2. How does the Medical Licensing Board purport to achieve consistency in the application of sanctions?
3. Does the Medical Licensing Board review its files to verify that it achieves consistency in the application of sanctions?

(R. 132).

**6.** Provisor further interposed the following request for admissions:

1. The Medical Licensing Board does not make an effort to "achieve consistency in the

The Board contends that because the Board's deliberations were conducted in open session and made part of the record of proceedings, the reviewing court should be confined to the contents of the record of proceedings before the Board, and that Provisor cannot probe into the mental processes of the Board on judicial review. The precise issue before us is an issue of first impression in Indiana. Resolution of this issue requires a careful examination of the AOPA, the doctrine of separation of powers and an understanding of the court's limited role.

█ First, we note that Provisor concedes that the trial court cannot conduct a *de novo* review of an administrative body's ruling; however, she maintains that her discovery requests seek only additional evidence regarding the unlawfulness of the decision-making process, which is well within the scope of I.C. 4–21.5–5–12. We agree. Provisor is not attempting to retry her case on judicial review, because she does not seek to have the trial court review her case on the merits. Rather, Provisor seeks only that the court review the legality of the administrative decision-making process. Provisor's discovery requests seek additional evidence regarding the lawfulness of the decision-making process and thus are permissible pursuant to I.C. 4–21.5–5–12.

Furthermore, we find that Provisor's discovery requests are relevant. Each of her interrogatories and requests for admissions are directed toward establishing the Board's non-compliance with I.C. 25–1–9–13. This section mandates that the Board seek to achieve consistency in its sanctions, and the record demonstrates that the Board did not expressly consider the factors necessary to determine whether it was acting consistently. Also, each of Provisor's requests for production of documents are directed toward establishing the Board's non-compliance with I.C. 4–21.5–3–27(c) (1988), which precludes the Board from considering matters outside of the record. If, in fact, prohibited communications took place between Board members,

Provisor should be entitled to present them as evidence of the illegality of the Board's decision-making process pursuant to I.C. 4–21.5–5–12.

The record reveals comments made during the Board's deliberations which support Provisor's assertion that the Board's decision was the result of gender discrimination. During the deliberations, Board member Stewart made the following comment:

And it's very tough to sort out a lot of these things, but it goes back to Debbie Provisor. Her primary goal at this point in her life needs to be Debbie Provisor. The second thing needs to be her children, and she doesn't have a whole lot of time in order to make sure that they're going to be okay. The third thing comes to be her commitment to Arthur, and the fourth concern that I see that she should be concerned about at this point has to do with her commitment to the practice of medicine. The problem is that she's got these priorities upside down.

(R. 2521–22). Also during deliberations, Board member Peterson made the following comments:

I saw a Dr. Provisor on the stand yesterday that was truly repentant, and very sorry for what she had done, and very understanding that it was her sole responsibility, and that as a woman and as a mother she found that repugnant, and that is an issue as well, as well as the trust of a pediatrician.

(R. 2524). We find that Provisor has made a sufficient showing of impropriety on the part of the Board, and that the trial court correctly granted her discovery requests.

█ The Board contends that the restrictive scope of judicial review rests on the AOPA, but also on the principle of separation of powers. This is certainly true; however, whether we subscribe to the point of view that allowing additional limited discovery in this case invades the province of the adminis-

---

application of the sanctions authorized in this section'' as required by Indiana Code § 25–1–9–13.

2. The Medical Licensing Board maintains no records or memoranda which allow the Board

to readily determine what sanctions were imposed in prior cases.

(R. 135).

trative agency is the pivotal question. We do not view this case as creating a separation of powers issue. Had the trial court allowed additional discovery not permitted by the AOPA and related to the merits of Provisor's case, then indeed that would represent a constitutional intrusion into the legislative sphere. *See Citizens to Preserve Overton Park v. Volpe* (1971), 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136; *United States v. Morgan* (1941), 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429; *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.* (1977), 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450; *Merit Bd. v. Peoples Broadcasting Corp.* (1989), Ind., 547 N.E.2d 235; *United States v. Seymour Recycling Corp.* (S.D.Ind.1987), 679 F.Supp. 859; *Inland Empire Public Lands Council v. Schultz* (E.D.Wash.1992), 807 F.Supp. 649 (Each of these cases stands for the proposition that delving into the mental processes of administrative decision-makers during judicial review is improper, except under very limited circumstances). We find this line of authority of no moment to our current deliberations because, in our opinion, Provisor is not seeking judicial review on the merits. Rather she is seeking a review of the legality of the decision-making process. Although Provisor does maintain that the Board's findings are not supported by substantial evidence, she has not sought discovery on this point.

The Board misconstrues the issue as being whether the record of proceedings supports its sanction. Provisor readily concedes that the issue of whether the Board's findings are supported by substantial evidence will stand or fall on the evidence contained in the Board's record. Provisor merely seeks additional evidence on the Board's failure to comply with I.C. 25–1–9–13 and I.C. 4–21.5–3–27(c).

■ The Board argues that Provisor is attempting to use discovery to supplement the record on judicial review with materials that could have been raised during the administrative proceeding. The Board contends that even if I.C. 4–21.5–5–12 is liberally construed to permit Provisor's discovery requests, she still has failed to exercise due

diligence, thus removing her from the statute.

Whether Provisor failed to create a proper record in the administrative proceeding is a second essential question. We find it significant that Provisor seeks discovery on these issues now, only with the benefit of hindsight. She could not have known at the time of the agency proceedings that the Board would not consider the consistency of its sanctions. It was incumbent upon the Board to uncover and consider its prior rulings pursuant to I.C. 25–1–9–13. We will not place upon Provisor the unrealistic burden of anticipating the Board's failure to comply with its statutory mandate. Her requests are timely in that regard.

Although we, as a judicial body, have traditionally been inclined to limit review to the agency record, the unique facts of this case lead us to a contrary result. The trial court denied the Board's request for a protective order as to Provisor's two requests for admissions and three interrogatories. We find that each of these requests relate directly to the Board's efforts, or lack thereof, to achieve consistency in its sanctions. Therefore, we affirm the trial court's denial of the protective order. Provisor should be entitled to ask the Board whether it followed its statutory mandate.

Provisor also seeks to discover improper communications, if they exist, between Board members, in contravention of I.C. 4–21.5–3–27(c). We agree with the trial court that the Board should be compelled to produce documents related to Board communications, and therefore we affirm the trial court as to its decision to compel the Board to produce the four documents.

The trial court, in its sound discretion, found these limited, focused and case specific discovery requests reasonable and not overly burdensome. We hold that under the particularly unique circumstances central to this case, Provisor should be entitled to the limited discovery she requests. At this point in the review of an administrative decision, the trial court should exercise control over the litigants and we decline to disturb the trial court's decision.

## CONCLUSION

Accordingly, we affirm the trial court's denial of the Board's motion for protective order as to the interrogatories and request for admissions. We further affirm the trial court's order compelling the Board to produce the four documents. The trial court is affirmed in all respects.

CHEZEM and ROBERTSON, JJ., concur.