MEDICAL LICENSING BOARD
OF INDIANA, Appellant
(Respondent below),

v.

Deborah PROVISOR, Appellee
(Petitioner below).

No. 49S02–9603–CV–211.

Supreme Court of Indiana.

Aug. 5, 1996.

tion to authorize discovery probing the mental processes involved in administrative decision-makers' deliberations.

### Background

In 1993, the State of Indiana filed a complaint with the Indiana Medical Licensing Board, seeking revocation of Dr. Deborah Provisor's medical license. Provisor, a pediatrician, had been convicted of child molestation, a Class D felony.[1] After a hearing, the board decided to suspend Provisor's medical license for six years, with two years of the suspension stayed, because the board concluded that her conduct had a direct bearing on her ability to practice as a pediatrician, in violation of Ind.Code § 25–1–9–4(a)(2) (1993).

Pursuant to Ind.Code § 4–21.5–5–1, *et seq.,* the judicial review provisions of the Indiana Administrative Orders and Procedures Act (AOPA), Provisor petitioned the trial court for judicial review of the board's decision. In addition, she requested, and obtained, a temporary stay of the board's order.

Among Provisor's claims on review were that (i) the board's decision did not comport with Ind.Code § 25–1–9–13 (1993),[2] which requires the board to achieve consistency in its rulings; and (ii) the board's decision was violative of Ind.Code § 4–21.5–3–27(c) (1993),[3] which prohibits the Board from considering factors outside of the record. We will refer to the first of these as Provisor's "inconsistency claim" and the second as her "outside-the-record claim."

In order to support these claims, Provisor sought admissions[4] from and tendered inter-

Pamela Carter, Attorney General, Geoffrey Slaughter, James A. Joven, Deputy Attorneys General, for Appellant.

Richard Kammen, Susan W. Brooks, James T. Flanigan, McClure, McClure & Kammen, Indianapolis, for Appellee.

### ON PETITION TO TRANSFER

SULLIVAN, Justice.

We hold that it was error for the court on judicial review of an administrative adjudica-

---

1. Ind.Code § 35–42–4–3 (1993).

2. Ind.Code § 25–1–9–13 provides that "The board shall seek to achieve consistency in the application of the sanctions authorized in this section. Significant departures from prior decisions involving similar conduct must be explained in the board's findings or orders."

3. Ind.Code § 4–21.5–3–27(c) provides that "Findings must be based exclusively upon the evidence of record in the proceeding and on matters officially noticed in that proceeding. Findings must be based upon the kind of evidence that is substantial and reliable. The administrative law judge's experience, technical

competence, and specialized knowledge may be used in evaluating evidence."

4. The admissions sought from the board were:

1. The Medical Licensing Board does not make an effort to "achieve consistency in the application of sanctions authorized in this section" as required by Indiana Code § 25–1–9–13.

2. The Medical Licensing Board maintains no records or memoranda which allow the Board to readily determine what sanctions were imposed in prior cases.

3. The Medical Licensing Board does not routinely consult or review prior cases to determine the appropriate sanctions to impose.

rogatories[5] to the board on her inconsistency claim and requested production of documents[6] from the board on her outside the record claim. The trial court denied the board's motion for a protective order as to the request for admissions and interrogatories and granted Provisor's motion to compel the board to produce four documents. On the board's interlocutory appeal, the Court of Appeals affirmed the trial court in all respects. *Medical Licensing Bd. v. Provisor*, 653 N.E.2d 1035 (Ind.Ct.App.1995).

## Discussion

### I

While the narrow issue on interlocutory appeal is whether discovery is available on judicial review of an administrative agency adjudication, at least with respect to Provisor's inconsistency and outside-the-record claims, several important principles of the administrative law of judicial review must be applied by the reviewing court before the discovery question is reached. To keep this case in context, we review those principles in this part of this opinion.

Under AOPA, the court in which Provisor's appeal is filed acts as an appellate court; it "may not try the case *de novo* or substitute its judgment for that of the [board]." Ind.Code § 4–21.5–5–11; *Indiana Dept. of Nat. Res. v. United Refuse Co.*, 615 N.E.2d 100, 103 (Ind.1993). As Chief Justice Shepard has observed for our court, these principles are grounded in the constitutional doctrine of separation of powers or functions:

> As part of the judicial branch, a court has no authority to usurp or exercise the functions of an administrative agency during judicial review of the agency's order. A court may not substitute its judgment on the merits of an issue for that of an administrative body acting within its jurisdiction. The purpose of judicial review of an administrative order is "solely to determine whether or not the body was outside the limits and jurisdiction of such body. Once the matter of jurisdiction is determined the court has no further right to interfere with an administrative procedure which belongs to another department of the government—not the judiciary." *Public Serv. Comm. v. Chicago, Indianapolis & Louisville Ry. Co.*, 235 Ind. 394, 404, 134 N.E.2d 53, 54 (1956), denying reh'g of 235 Ind. 394, 132 N.E.2d 698.

*Enservco, Inc. v. Indiana Securities Div.*, 623 N.E.2d 416, 420 (Ind.1993). *See* Ind. Const. art. III, § 1.

In accordance with this limited role of reviewing courts, the legislature has by statute limited both the issues that may be raised on judicial review and the extent to which those issues may be reviewed. Specifically, a person may obtain judicial review only of issues that were raised before the board, except in two limited circumstances.[7]

---

**5.** The interrogatories tendered to the board were:

 1. What records does the Medical Licensing Board consult in its effort to achieve consistency in the application of sanctions?
 2. How does the Medical Licensing Board purport to achieve consistency in the application of sanctions?
 3. Does the Medical Licensing Board review its files to verify that it achieves consistency in the application of its sanctions?

**6.** Provisor submitted thirteen requests for production of documents, of which the trial court approved the following four:

 1. All written correspondence to, from, or between any Medical Licensing Board member regarding Provisor's case;
 2. All documents the Board intends to use, rely on, or introduce into evidence in any proceeding in this case;
 3. All documents in the Board's possession which tend to prove or disprove any allegation

presented in Provisor's Petition for Judicial Review; and
 4. All documents reflecting any correspondence or conversations the Board has had with any person regarding the events of this case.
The other nine requests for documents requested nearly 20 years of records of past Board rulings.

**7.** Those two limited circumstances occur where:

 (1) The issue concerns whether a person who was required to be notified by AOPA of the commencement of a proceeding was notified in substantial compliance with AOPA; or
 (2) The interests of justice would be served by judicial resolution of an issue arising from a change in controlling law occurring after the agency action.
Ind.Code § 4–21.5–5–10. *Compare* Model State Admin. Proc. Act (1981) § 5–112, 15 U.L.A. 121 (1990). Section 5–10 of AOPA appears to be based upon § 5–112 of this Model Act. Section 5–112 provides six bases for raising issues on judi-

And "[j]udicial review of disputed issues of fact must be confined to the [board's] record [of the board's] action," Ind.Code § 4–21.5–5–11, except that the court may receive evidence in addition to that contained in the board record if, but only if, three conditions are met.[8,9] Ind.Code § 4–21.5–5–12(a).

## II

Assuming for purposes of deciding the question on interlocutory appeal that (i) the consistency and outside-the-record claims are properly before the court under Ind.Code § 4–21.5–5–10, and (ii) the court may properly receive evidence on the claims under Ind. Code § 4–21.5–5–12(a), we turn to the question of whether it was proper for the trial court to order discovery in support of the claims. We conclude that it was not.

 Provisor's discovery requests directly or indirectly seek to probe either the mental processes of the board members or the deliberative processes of the board itself in deciding Provisor's case. The admissions and interrogatories which relate to the inconsistency claim seek to ascertain how the members of the board determine consistency in the application of sanctions. The documents requested which relate to the outside-the-record claim seek to ascertain factors considered by members of the board in their deliberations.[10] In a different context, we have previously subscribed to the general bar against probing the mental processes involved in administrative decision-makers' deliberations. *Marion Co. Sheriff's Merit Bd. v. Peoples Broadcasting Corp.*, 547 N.E.2d 235 (Ind.1989) (holding a county sheriff's merit board could deliberate privately on the evidence before taking final action in public in a disciplinary action against a deputy). In *Peoples Broadcasting Corp.*, 547 N.E.2d at 240, we cited two United States Supreme Court decisions decided under the federal administrative procedures, *United States v. Morgan*, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941), and *Citizens to Preserve Over-*

cial review not raised before the agency; our legislature elected to provide only the two set forth above.

**8.** Those three conditions are:

(1) the additional evidence could not, by due diligence, have been discovered and raised in the administrative proceeding giving rise to the proceeding for judicial review; and

(2) the additional evidence relates to the validity of the board action at the time it was taken; and

(3) the additional evidence is needed to decide disputed issues regarding one or more of the following:

(A) improper constitution as a decision-making body;

(B) grounds for disqualification of those taking the board action;

(C) unlawfulness of procedure;

(D) unlawfulness of decision-making process.

Ind.Code § 4–21.5–5–12. *Compare* Model State Admin. Proc. Act (1981) § 5–114, 15 U.L.A. 124 (1990). Section 5–12 of AOPA appears to be based upon § 5–114 of this Model Act. Section 5–114 provides additional disputed issues with respect to which evidence outside the record can be received on judicial review than does § 5–12 of AOPA. In addition, § 5–114 of the Model Act does not contain the AOPA limitation that the additional evidence could not, by due diligence, have been discovered and raised in the administrative proceeding.

**9.** Since Ind.Code § 4–21.5–5–12(a) permits the court to receive evidence only if needed to decide disputed "issues," this provision is applicable only with regard to "issues" that are properly before the court. As discussed in the text and footnote 7, a person may not obtain judicial review of an issue that was not raised before the board unless it meets one of the exceptions contained in Ind.Code § 4–21.5–5–10. *See* Model State Admin. Proc. Act (1981) § 5–114 cmt., 15 U.L.A. 125 (1990). In this interlocutory appeal, we are not asked to decide whether Provisor's consistency and outside-the-record claims are properly before the court under Ind.Code § 4–21.5–5–10 and do not do so. However, in rejecting the board's argument that Provisor could have, by due diligence, discovered and raised in the board proceeding the evidence she now seeks to discover, the Court of Appeals said, "We will not place upon Provisor the unrealistic burden of anticipating the Board's failure to comply with its statutory mandate." *Provisor*, 653 N.E.2d at 1040. We specifically disapprove this statement because it conflicts with the limitations the legislature has placed on the issues that may be raised on judicial review in Ind.Code § 4–21.5–5–10.

**10.** The Court of Appeals found a "sufficient showing of impropriety on the part of the Board," namely gender discrimination, to suggest the board considered matters outside the record. *Provisor*, 653 N.E.2d at 1039. We agree with the board that the two board member comments quoted by the Court of Appeals, fairly read, do not support an inference of gender bias.

*ton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).[11] In *Morgan,* the Secretary of Agriculture had been deposed in federal district court in an appeal from a Department of Agriculture order setting maximum rates to be charged by certain regulated businesses. Justice Frankfurter wrote for the court:

> [T]he Secretary should never have been subjected to this examination. The proceeding before the Secretary "has a quality resembling that of a judicial proceeding." Such an examination of a judge would be destructive of judicial responsibility. We have explicitly held in this very litigation that "it was not the function of the court to probe the mental processes of the Secretary." Just as a judge cannot be subjected to such a scrutiny, so the integrity of the administrative process must be respected. It will bear repeating that although the administrative process has had a different development and pursues somewhat different ways from those of courts, they are to be deemed collaborative instrumentalities of justice and the appropriate independence of each should be respected by the other.

*Morgan,* 313 U.S. at 422, 61 S.Ct. at 1004–05 (citations omitted). Like the *Morgan* court, we believe that judicial inquiries into the private motivation or reasoning of administrative decisionmakers is a substantial intrusion into the functions of the other branches of government. *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.,* 429 U.S. 252, 268 n. 18, 97 S.Ct. 555, 565 n. 18, 50 L.Ed.2d 450 (1977).

■ While recognizing that Provisor's discovery requests went to the mental and deliberative processes of the board and its members, the Court of Appeals found *Peoples Broadcasting Corp., Morgan,* and other cases holding to the same effect to be of "no moment." This was because Provisor was not, in the appellate court's view, "seeking judicial review on the merits. Rather she [was] seeking a review of the legality of the decision-making process." *Provisor,* 653 N.E.2d at 1040. Assuming this distinction is an accurate description of Provisor's appeal, we nevertheless conclude that the general bar against probing the mental processes of administrative decision-makers in their private deliberations applies whether a person is seeking judicial review on the merits or judicial review of the decision-making process. *Cf. Peoples Broadcasting Corp.,* 547 N.E.2d at 240 (applying this principle in a context other than judicial review on the merits, *to wit,* access of media to administrative decision-makers' deliberations).

■ The AOPA requires that judicial review "must be confined to the agency record," Ind.Code § 4–21.5–5–11, except for the narrow exceptions of Ind.Code § 4–21.5–5–12; "not some new record made initially in the reviewing court." *See Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973). If the reviewing court finds, on an issue properly preserved for judicial review, that the record before the board does not support the board action, that the board has not considered all relevant factors, or that it simply cannot evaluate the challenged board action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the board for additional investigation or explanation. *See Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 1607, 84 L.Ed.2d 643 (1985). "The court may not try the cause *de novo* or substitute its judgment for that of the [board.]" Ind.Code § 4–21.5–5–11. Allowing the discovery sought here would violate this mandate.

*Conclusion*

We vacate the judgment and opinion of the Court of Appeals, Ind.Appellate Rule

---

11. In *Citizens to Preserve Overton Park,* while the court cited *Morgan* for the proposition that "inquiry into the mental processes of administrative decision-makers is usually to be avoided," it appeared to authorize the district court to take testimony from the administrative officials who participated in the highway location decision at issue. 401 U.S. at 420, 91 S.Ct. at 825–26. However, *Citizens to Preserve Overton Park* was reinterpreted in *Pension Benefit Guar. Corp. v. LTV Corp.,* 496 U.S. 633, 654, 110 S.Ct. 2668, 2680, 110 L.Ed.2d 579 (1990), in a way that seems to eliminate the possibility of interrogating administrative decision-makers except in unspecified rare instances. *See* Kenneth C. Davis & Richard J. Pierce, Jr., 1 *Administrative Law Treatise* § 8.6 (1994).

11(B)(3), and hold that the trial court erred both in denying the board's motion for protective order as to the request for admissions and interrogatories and in granting four of Provisor's requests for production of documents. We remand to the trial court for further proceedings consistent herewith.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

SELBY, J., not participating.