**INDIANA EDUCATION EMPLOYMENT RELATIONS BOARD, Appellant–Respondent,**

v.

**Sharon TUCKER, Appellee–Petitioner.**

No. 59A05–9601–CV–1.

Court of Appeals of Indiana.

Feb. 24, 1997.

Pamela Carter, Attorney General, James A. Joven, Deputy Attorney General, Indianapolis, for Appellant–Respondent.

James C. Tucker, Tucker & Tucker, Paoli, for Appellee–Petitioner.

## OPINION

SHARPNACK, Chief Judge.

This case is before us on interlocutory appeal. The Indiana Education Employment Relations Board ("Board") appeals the denial of its motion to quash interrogatories filed by Sharon R. Tucker. The sole issue raised for our review is whether a party in a proceeding for judicial review may file interrogatories inquiring about the membership affiliations of the administrative agency decisionmakers. We reverse.

### Facts

On December 17, 1993, the West Washington Education Association ("WWEA"), the Indiana State Teachers Association ("ISTA"), and the National Education Association ("NEA") filed a complaint for unfair practice against the Board of School Trustees of the West Washington School Corporation ("school corporation"). The complaint alleged that the newly created position entitled "Counselor, Supervisor and Assistant to the Elementary Principal" was included in the "bargaining unit." Under the terms of the master contract governing the school corporation, all members of the bargaining unit had to pay a fee to the WWEA.

On January 20, 1994, Tucker moved to intervene in the action because she held the position listed in the complaint. After a hearing held on June 13, 1994, the hearing officer issued a report, concluding that "the position entitled 'Counselor, Supervisor and Assistant to the Elementary Principal' should be included in the bargaining unit." Record, p. 85. The cause was transferred to the Board pursuant to administrative regulations.

On April 12, 1995, the Board held a hearing and reviewed the report. Ultimately, the Board issued its order adopting the hearing officer's report. On May 18, 1995, Tucker filed an amended petition for judicial review.

On July 21, 1995, Tucker served a request for interrogatories on the Board. The inter-

rogatories sought to discover whether the Board members or their spouses were or ever had been members of the ISTA or the NEA.[1] On August 7, 1995, the Board filed a motion to quash the interrogatories.

The following day, Tucker filed a response to the motion to quash and a motion to compel answers. In the papers, Tucker indicated that if the Board members or their spouses had ever been a member of the ISTA or the NEA, the original parties to the complaint, "then the [Board] cannot act as the decision-making body. A Judge cannot hear, his own case!" Record, p. 36. After a hearing, the trial court denied the Board's motion to quash, directed the Board to answer the interrogatories pursuant to the discovery rules, and denied Tucker's motion to compel.

On December 4, 1995, at the Board's request, the trial court certified these orders for interlocutory appeal. This court accepted jurisdiction on January 30, 1996.

On March 15, 1996, the Board petitioned to stay consideration of the appeal pending the decision of the supreme court in *Medical Licensing Board of Indiana v. Provisor.* We granted the petition. On August 5, 1996, the supreme court issued its opinion, *Medical Licensing Board of Indiana v. Provisor,* 669 N.E.2d 406 (Ind.1996). Soon after, the Board petitioned this court to resume jurisdiction. On August 9, 1996, we resumed jurisdiction.

### Discussion

The sole issue for our review is whether a party in an action for judicial review may file interrogatories inquiring about the membership affiliations of the members of the administrative review board. The resolution of this issue affects the ultimate issue on interlocutory appeal, which is whether the trial court properly denied the Board's motion to quash the interrogatories.

■ A party may only obtain judicial review of an issue that was raised before the administrative agency, subject to two exceptions. Ind.Code § 4–21.5–5–10. The first exception is where the issue concerns whether a person who was required to be notified of the proceedings was notified in "substantial compliance" with the statute. The second exception is where the interests of justice would be served by judicial resolution of an issue arising from a change in controlling law occurring after the agency action. I.C. § 4–21.5–5–10.

■ Judicial review of disputed issues of fact must be confined to the agency record. I.C. § 4–21.5–5–11. The reviewing court may not try the cause *de novo* or substitute its judgment for that of the agency. I.C. § 4–21.5–5–11; *Natural Resources Comm'n v. AMAX Coal Co.,* 638 N.E.2d 418, 423 (Ind. 1994), *reh'g denied.* However, the court may receive evidence needed to decide disputed issues in addition to that contained in the agency record if the following three conditions are satisfied:

(1) the additional evidence could not, by due diligence, have been discovered and raised in the administrative proceeding giving rise to the proceeding for judicial review;

(2) the additional evidence relates to the validity of the agency action at the time it was taken; and

(3) the additional evidence is needed to decide disputed issues regarding one or more of the following:

(a) improper constitution as a decision-making body;

(b) grounds for disqualification of those taking the board action;

(c) unlawfulness of procedure;

(d) unlawfulness of decision-making process.

See I.C. § 4–21.5–5–12; *Provisor,* 669 N.E.2d at 409, n. 8.

In *Provisor,* the supreme court confronted the issue of whether a trial court on judicial review could authorize discovery probing the mental processes involved in the administra-

---

**1.** Six of the twelve interrogatories inquired as to whether Board members Roger Ralph, John Lillich, and William Wendling, Jr. had ever been a member of the ISTA or the NEA and, if so, the dates of the membership. The remaining interrogatories sought the same information of the Board members' spouses.

tive decisionmakers' deliberations. *Provisor,* 669 N.E.2d at 409. The State filed a complaint with the medical licensing board ("licensing board"), seeking the revocation of Dr. Deborah Provisor's medical license. The licensing board sought the revocation because Provisor, a pediatrician, had been convicted of child molesting. After a hearing, the licensing board suspended Provisor's license.

Provisor then sought judicial review of the licensing board's decision, alleging that it did not comply with the statutory requirement to maintain consistent rulings and that the licensing board considered factors outside the record. To support these claims, Provisor filed interrogatories on the licensing board members to ascertain how they achieved consistency in the application of sanctions.[2] The licensing board filed a motion for a protective order as to the interrogatories, which the trial court denied. This court affirmed that denial in *Medical Licensing Board v. Provisor,* 653 N.E.2d 1035 (Ind.Ct.App.1995).

In vacating our opinion and ruling that the trial court erroneously ordered discovery on Provisor's claims, the supreme court reviewed several principles of administrative law of judicial review. The supreme court determined that Provisor's discovery request sought to probe either the mental processes of the licensing board members or the deliberative processes of the licensing board itself in deciding Provisor's case. *Provisor,* 669 N.E.2d at 409. The court held that such a request was prohibited, stating that "judicial inquiries into the private motivation or reasoning of administrative decisionmakers is a substantial intrusion into the functions of the other branches of government." *Id.* at 410. Therefore, the supreme court concluded that the trial court erroneously denied the

licensing board's motion for a protective order as to Provisor's interrogatories. *Id.* at 411.

■ In the present case, Tucker did not raise the issue of the Board members' affiliations and their spouses' affiliations during the hearing before the Board or in her petition for judicial review. Tucker argues that she could not have raised the issue prior to petitioning for judicial review because the Board was not a party to the action until that time. To support her position, Tucker relies upon Ind. Trial Rule 33(A), which permits a party to serve a written interrogatory "upon any other party." *See also* T.R. 28(F) (authorizing a party in a proceeding subject to judicial review to use the discovery provisions of T.R. 26—T.R. 37).

■ However, Tucker's argument ignores the limitations that the legislature has placed on the issues which may be raised on judicial review.[3] *See Provisor,* 669 N.E.2d at 409, n. 9 (holding that the only disputed issues upon which the trial court may receive additional evidence are those issues properly before the court). A party may only obtain judicial review of an issue that was raised before the administrative agency and preserved for review. I.C. § 4–21.5–5–10; *see generally New Trend Beauty School, Inc. v. Indiana Bd. of Beauty Culturist Examiners,* 518 N.E.2d 1101, 1105 (Ind.Ct.App.1988) (holding that licensee's allegation of possible bias of Board members "is best preserved by initial action before the Board in the form of appropriate objections and/or motions for disqualification. Such procedure .... will also provide [the licensee] the opportunity to preserve error in anticipation of judicial review"), *reh'g denied; Swingle v. State Employees' Appeal Comm'n,* 452 N.E.2d 178, 180–181 (Ind.Ct. App.1983) (noting that under I.C. § 4–22–1–

---

**2.** Provisor filed the following interrogatories: (1) what records does the Board consult to achieve consistency in the application of sanctions, (2) how does the board achieve this consistency, and (3) does the Board review its files to verify that it achieves consistency.

**3.** Tucker argues that *Provisor* is distinguishable because, in that case, none of the interrogatories sought to discover information about whether the licensing board members were affiliated with the organizations which were parties to the ac-

tion. In contrast, the only information sought in the case before us related to whether the Board members or their spouses belonged to the two organizations which initially filed the complaint for unfair practice. Tucker concludes that it is vital to discover whether the such affiliations exist in order to maintain her right to have an impartial tribunal. Notwithstanding Tucker's argument, we need not reach the merits of this argument because we hold that Tucker waived her right to challenge the Board's impartiality.

14, the predecessor statute to I.C. § 4–21.5–5, the failure to object to a procedure at trial or a hearing acts as a waiver of the issue). The only exceptions to this rule are where the issue concerns notice of the proceedings or where the interests of justice would be served as a result of a change in law. *Id.* Clearly, the information sought by Tucker's interrogatories serves neither of these purposes. Because this information does not fit within the scope of these two statutory exceptions, Tucker may not obtain judicial review of this issue. *See* I.C. § 4–21.5–5–10. Accordingly, the trial court erroneously denied the Board's motion to quash interrogatories.

For the foregoing reasons, the trial court's order is reversed and the trial court is directed to grant the Board's motion to quash.

REVERSED.

NAJAM and RUCKER, JJ., concur.